603 So.2d 651 (1992)
UNIVERSITY OF MIAMI, the Public Health Trust of Dade County d/b/a Jackson Memorial Hospital and Euan Robertson, M.D., Petitioners,
v.
The Honorable Herbert M. KLEIN, as Circuit Judge of the Eleventh Judicial Circuit in and for Dade County, Respondent.
No. 92-649.
District Court of Appeal of Florida, Third District.
August 11, 1992.
Fowler, White, Burnett, Hurley, Banick & Strickroot and Steven E. Stark, Miami, for petitioners.
Perse & Ginsberg and Arnold R. Ginsberg, Miami, for respondent.
Before FERGUSON, JORGENSON and COPE, JJ.
*652 FERGUSON, Judge.
The petitioners, who are the defendants in the trial court action, bring this proceeding in prohibition to prevent the trial court from exercising jurisdiction in a medical malpractice action arising from a birth-related neurological injury which resulted in the infant's death. The plaintiffs sought a declaration that the statute on which the defendants' jurisdictional argument is based, section 766.303, Florida Statutes (1991), is unconstitutional.
We note at the outset that the trial court has jurisdiction to determine its jurisdiction which, in this case, will be answered by its resolution of the constitutional question. For that reason we deny prohibition, see Mandico v. Taos Constr., Inc., 17 F.L.W. S445, 1992 WL 158194 (Fla. July 9, 1992) (prohibition may not be used to divest a lower tribunal of jurisdiction to hear and determine the question of its own jurisdiction), and treat the petition as certiorari. Fla.R.App.P. 9.040(c). Permitting parties to litigate in court where there is a legal or contractual obligation to proceed only administratively, constitutes a departure from the essential requirements of law. Lapidus v. Arlen Beach Condo. Ass'n, Inc., 394 So.2d 1102 (Fla. 3d DCA 1981).
Petitioners moved to dismiss the malpractice action alleging that the Florida Birth-Related Neurological Injury Compensation Plan, section 766.301 et. seq., Florida Statutes (1991), provides an exclusive administrative remedy where an infant suffers neurological injury during birth even where death results. Respondents countered that the text of the statute, consistent with its title, evinces a legislative intent that it apply only in cases where the injured infant survives, and not an intent that the plan supersede or modify the wrongful death statute. The parties agree that the constitutional question must be reached only if this court agrees with the petitioners that the statute applies where an infant death is caused by a neurological injury which, itself, is within the statute.
As grounds for denying the defendants' motion to dismiss, the trial court ruled:
This court finds from an examination of the subject statute that the Florida legislature did not intend the statute to apply to `death' under the circumstances as herein presented.
We disagree.
After defining a "birth-related neurological injury" in section 766.302(2), the subsection continues in the next sentence to explain what is included and what is excluded from the definition:
This definition shall apply to live births only and shall not include disability or death caused by genetic or congenital abnormality.
Under the first clause of the above sentence it is clear that the statute does not apply unless the infant is born alive. Under the second clause, a post-delivery death caused by a genetic or congenital abnormality is not birth-related within the contemplation of the statute. On the other hand, where death follows a live birth and is the result of a birth-related neurological injury, the statute applies. The conclusion follows logically. If the legislature had intended otherwise it would not have excluded, specifically, death caused by other than birth-related injury. Further support for the conclusion is to be found in the second sentence of section 766.302(3), which provides:
Such a claim [for a birth-related neurological injury] may be filed by any legal representative on behalf of an injured infant; and, in the case of a deceased infant, the claim may be filed by an administrator, personal representative, or other legal representative thereof.
[Emphasis supplied]. Finally, no practical purpose is served by treating the injury to an infant and an ensuing death of the infant as different causes of action where the cause is the same birth-related injury. See Variety Children's Hosp. v. Perkins, 445 So.2d 1010 (Fla. 3d DCA 1983) (damages for wrongful death include all damages to which the claimant would have been entitled for personal injuries had death not ensued).
*653 We hold that birth-related neurological injuries which result in post-delivery death are within the Neurological Injury Compensation Plan, and that the administrative rights and remedies granted by the Plan for birth-related neurological injury are exclusive unless there is clear and convincing evidence of bad faith, malicious purpose, or willful and wanton conduct. § 766.303(2), Fla. Stat. (1991). On remand the trial court shall proceed to determine the constitutional claim which is presented as a declaratory action. Of course, a finding that the statute is constitutionally valid will preclude the court from exercising further jurisdiction.
Certiorari is granted. The order on review is quashed and the cause is remanded for further consistent proceedings.