860 So.2d 1050 (2003)
STATE FARM MUTUAL AUTOMOBILE, etc. Petitioner,
v.
Lisa GIBBONS, Respondent.
No. 5D03-2270.
District Court of Appeal of Florida, Fifth District.
December 5, 2003.
*1051 Gregory W. Herbert, of Greenberg Traurig, P.A., Orlando, and David L. Ross and Elliot H. Scherker, of Greenberg Traurig, P.A., Miami, for Petitioner.
Gilbert S. Goshorn, Jr., and Shannon McLin Carlyle, of The Carlyle Appellant Law Firm, The Villages, and Gregory S. Stark, of McKeever, Albert & Barth, Winter Park, for Respondent, Lisa Gibbons.
TORPY, J.
Respondent, Lisa Gibbons, sued her insurer, Petitioner, State Farm, alleging that State Farm had not complied with section 627.0651(12), Florida Statutes (2002), which prohibits insurance companies from including in their rate base monies paid on bad faith and punitive damages claims and related attorney's fees and taxable costs. She alleged that she tried administrative action, but that the Department of Insurance (DOI) basically ignored her, resulting in her filing this suit in the circuit court.
State Farm moved for a judgment on the pleadings on the basis that the only way to challenge approved rates is in an administrative proceeding in the Office of Insurance Regulation ("OIR"), the former Florida Department of Insurance. Rather than dismissing the claim, the trial court stayed the proceedings to allow Gibbons to institute an administrative action. Thereafter, Gibbons instituted an administrative proceeding, but expressly told the OIR that she wished to have her claim rejected so that she could return to the circuit court and resume her action against State Farm.
When the OIR granted Gibbons' wish, determining that, based on the information that she had presented, there was no relief that could be afforded to her, Gibbons returned to the circuit court and asked it to lift the stay so that she could go forward with her action. The circuit court agreed, and State Farm timely sought certiorari review. We have jurisdiction. Art. V, section 4(b), Fla. Const.; Department of Children and Families v. L.D., 840 So.2d 432, 434 (Fla. 5th DCA 2003). We grant the petition.
*1052 Contrary to the position taken by Gibbons, the exclusive remedy for asserting a claim based on a purported violation of section 627.0651, is to seek administrative review pursuant to section 627.371, Florida Statutes (2002). Furthermore, once administrative review is completed, the exclusive jurisdiction for judicial review is in the District Court of Appeal. § 120.68(2)(a), Fla. Stat. (2002). Section 624.155, Florida Statutes (2002), which provides for a civil remedy against insurers who knowingly charge excessive rates, does not apply to Gibbons' challenge to the rate-making process.
Because Gibbons failed to pursue and exhaust her administrative remedy and failed to seek judicial review in the correct court, her complaint in the circuit court should be dismissed. See Florida Welding & Erection Serv., Inc. v. American Mut. Ins. Co. of Boston, 285 So.2d 386, 389 (Fla.1973).
The petition is granted, and this cause is remanded with instructions that the complaint be dismissed.
PETITION GRANTED; REMANDED.
PALMER and MONACO, JJ., concur.