937 So.2d 1120 (2006)
PROGRESSIVE EXPRESS INSURANCE COMPANY, a Florida Corporation, Petitioner,
v.
Michelle REAUME, individually and on behalf of all others similarly situated, Respondent.
No. 2D05-6007.
District Court of Appeal of Florida, Second District.
July 28, 2006.
Rehearing Denied October 3, 2006.
*1121 Edward M. Waller, Carl R. Nelson, and Hala Sandridge of Fowler, White, Boggs, & Banker, P.A., Tampa, for Petitioner.
James E. Felman, Katherine Earle Yanes, and Stuart C. Markman of Kynes, Markman and Felman, P.A., and Ed Suarez of Law Offices of Ed Suarez, P.A., Tampa, for Respondent.
Steven H. Parton, General Counsel, and Paul A. Norman, Assistant General Counsel, Tallahassee, for Amicus Curiae The Office of Insurance Regulation.
WHATLEY, Judge.
Michelle Reaume sued her insurer, Progressive Express Insurance Company, alleging that Progressive collected unlawful and excessive premium finance charges in violation of section 627.901, Florida Statutes (2002). Reaume alleged that Progressive gave a discount to customers who paid in full, and she argued that the difference between the amount of her base rate as an installment customer and the amount of the base rate of paid-in-full customers who received this discount should be considered a financing charge. Reaume further argued that when this financing charge is added to Progressive's regular financing charge, the total charge is above the maximum allowed by section 627.901.
Reaume and Progressive filed competing motions for summary judgment. Progressive argued that the difference between the amount installment customers pay and the amount paid-in-full customers pay is not a financing charge. It reasoned that installment customers were not charged *1122 more for their premium but, instead, paid-in-full customers were given a discount on their premiums. Progressive noted that it was required to obtain approval from the Florida Office of Insurance Regulation (hereinafter "OIR") before offering the discount and that the OIR is required to determine whether a company's insurance rates are "excessive, inadequate, or unfairly discriminatory" pursuant to section 627.0651(2), Florida Statutes (2002). Therefore, Progressive contended that Reaume was first required to seek administrative relief with the OIR before pursuing a civil cause of action. The circuit court disagreed and granted Reaume's motion for summary judgment. The court found that Progressive's actuarially based paid-in-full discount was an illegal finance charge. Progressive thereafter filed this petition for writ of certiorari seeking review of the summary judgment. We grant the petition.
This case is similar to State Farm Mutual Automobile v. Gibbons, 860 So.2d 1050 (Fla. 5th DCA 2003). Gibbons sued State Farm alleging that it had violated section 627.0651(12), Florida Statutes (2002), which prohibits companies from including in their rate base monies paid on punitive and bad faith claims and related costs and attorney's fees. State Farm moved for a judgment on the pleadings, arguing that Gibbons was required to challenge the approved rates in an administrative proceeding in the OIR. The circuit court issued a stay to permit Gibbons to seek administrative relief with the OIR. However, Gibbons asked the OIR to deny her claim so that she could continue her circuit court action. The OIR then granted Gibbons' request and the circuit court lifted the stay.
State Farm thereafter filed a petition for writ of certiorari in the Fifth District. The Fifth District agreed with State Farm and held that "the exclusive remedy for asserting a claim based on a purported violation of section 627.0651, is to seek administrative review pursuant to section 627.371, Florida Statutes (2002). Furthermore, once administrative review is completed, the exclusive jurisdiction for judicial review is in the District Court of Appeal. § 120.68(2)(a), Fla. Stat. (2002)." Id. at 1052. The Fifth District granted State Farm's petition for writ of certiorari, concluding that Gibbons' complaint should have been dismissed, because she failed to pursue and exhaust her administrative remedies and she failed to request review in the correct court. Id.
Here, we note that the OIR has primary jurisdiction over the setting of insurance rates. Section 627.371(1) further provides as follows:
Any person aggrieved by any rate charged, rating plan, rating system, or underwriting rule followed or adopted by an insurer, and any person aggrieved by any rating plan, rating system, or underwriting rule followed or adopted by a rating organization, may . . . make written request of the insurer or rating organization to review the manner in which the rate, plan, system, or rule has been applied with respect to insurance afforded her or him. . . . Any person aggrieved by the refusal of an insurer or rating organization to grant the review requested, or by the failure or refusal to grant all or part of the relief requested, may file a written complaint with the department, specifying the grounds relied upon. If the department has already disposed of the issue as raised by a similar complaint or believes that probable cause for the complaint does not exist or that the complaint is not made in good faith, it shall so notify the complainant. . . .
*1123 Pursuant to this section, Reaume was required to first seek relief with the OIR. See Cmtys. Fin. Corp. v. Fla. Dep't of Envtl. Regulation, 416 So.2d 813 (Fla. 1st DCA 1982) ("It is now well settled that where adequate administrative remedies are available, it is improper to seek relief in the circuit court before those remedies are exhausted."). After Reaume exhausted this administrative review, she could then seek relief in this court. Gibbons, 860 So.2d 1050; § 120.68(2)(a), Fla. Stat. (2002) ("Judicial review shall be sought in the appellate district where the agency maintains its headquarters or where a party resides or as otherwise provided by law.").
Certiorari relief is appropriate where a party has failed to first exhaust his or her administrative remedies. Metro. Dade County v. Recchi Am., Inc., 734 So.2d 1123 (Fla. 3d DCA 1999). In University of Miami v. Klein, 603 So.2d 651, 652 (Fla. 3d DCA 1992), the Third District held that a circuit court departs from the essential requirements of law where it permits parties to litigate in that court where there is a contractual or legal obligation to proceed only administratively.[1] The Third District further noted that certiorari relief, not a writ of prohibition, was appropriate where the circuit court had jurisdiction to determine whether it had jurisdiction to proceed. Id. As the Florida Supreme Court noted in Mandico v. Taos Construction, Inc., 605 So.2d 850, 854 (Fla.1992), the determination regarding whether administrative review is first required often involves a factual determination, and a circuit court has jurisdiction to make this determination. The court in Mandico, 605 So.2d at 854, held that "[p]rohibition lies to prevent an inferior tribunal from acting in excess of jurisdiction but not to prevent an erroneous exercise of jurisdiction." Here, the circuit court had jurisdiction to determine whether Reaume was required to first seek administrative review with the OIR. Because the circuit court erroneously determined that Reaume was not required to do so and that it had jurisdiction to proceed, a writ of certiorari is the appropriate remedy in the instant case.
Finally, we hold that certiorari is the appropriate remedy here, because without this relief Progressive will suffer irreparable injury which cannot be remedied by direct appeal. As Progressive notes, if it follows the trial court's order and discontinues the discount, it will be violating OIR's approved premium rates and all of its paid-in-full customers will be required to pay a higher rate. However, if it continues to offer the OIR approved rates, it will incur additional liability under the trial court's order.
Accordingly, we grant the petition for writ of certiorari and quash the circuit court order granting summary judgment in favor of Reaume.
Petition for writ of certiorari granted.
SILBERMAN and WALLACE, JJ., Concur.
NOTES
[1] A petitioner for writ of certiorari must show both that the trial court departed from the essential requirements of law and an injury that cannot be remedied on direct appeal. Fla. Fish & Wildlife Comm'n v. Pringle, 770 So.2d 696 (Fla. 1st DCA 2000).