BROWNING, C.J.
Appellant seeks review of the denial of his petition for writ of mandamus on two grounds: procedural, for failure to exhaust administrative remedies; and substantive, for lack of merit to his claim of double jeopardy. Because the mandamus petition challenges a quasi-judicial ruling that was partially on procedural grounds and partially on the merits, it proceeds as an appeal, although this panel is free to apply the certiorari standard to its review of the merits ruling. See Whisner v. Moore, 825 So.2d 420 (Fla. 1st DCA 2002).
The record shows that Appellant did not exhaust his administrative remedies, except as to the double jeopardy claim. Appellant has waived his challenge to the double jeopardy ruling by not raising it in the instant appeal. See Ramos v. Philip Morris Cos., Inc., 743 So.2d 24, 28-29 (Fla. 3d DCA 1999). For these reasons, he is not entitled to relief, so we AFFIRM that ruling below.
Appellant also challenges a lien placed on his inmate trust account for costs incurred in filing the petition for mandamus. The State was correct to concede on appeal that the lien was improper because Appellant’s petition ultimately challenged the loss of his gain time. See Schmidt v. Crusoe, 878 So.2d 361 (Fla.2003). Accordingly, we QUASH the order imposing the lien.
POLSTON and HAWKES, JJ., concur.