15 So.3d 5 (2009)
FCCI INSURANCE COMPANY, Petitioner,
v.
NCM OF COLLIER COUNTY, INC., Respondent.
No. 2D08-4093.
District Court of Appeal of Florida, Second District.
February 6, 2009.
*6 Mary Morris of Morris & Morris, P.A., West Palm Beach, for Petitioner.
Mark B. Cohn, Naples, for Respondent.
STRINGER, Judge.
FCCI Insurance Company ("FCCI") seeks certiorari review of the trial court's order denying its motion for summary judgment in its action to collect workers' compensation premiums from defendant NCM of Collier County, Inc. ("NCM"). We conclude that the trial court departed from the essential requirements of the law in denying FCCI's motion for summary judgment because the trial court was not the proper forum to resolve NCM's defense to the motion.
In the underlying action, FCCI sued NCM to recover retrospective workers' compensation premiums due from NCM. FCCI moved for summary judgment claiming that NCM had not challenged the amount of premiums FCCI claims are due by initiating administrative proceedings as required by Florida law. In support of the motion, FCCI attached the affidavit of Alice Arnold, FCCI's collections supervisor. In the affidavit, Arnold attested to the amount due FCCI for the retrospective premiums, which is $144,696, and the calculation method for the amount.
In opposition to the motion, NCM provided the affidavit of Shawn Fuentes, NCM's chief financial officer. In the affidavit, Fuentes attested that "NCM is not indebted to FCCI for a balance of $144,696 nor are any of the many iterations of the amount due which FCCI has stated from time to time over the last year accurate as to the amount of premium due." Specifically, Fuentes asserted that (1) "[a]ll of the calculations of premiums referenced in Arnold's affidavit are wrong because they are based on an incorrect payroll amount . . . and a consequent incorrect `standard premium,'" (2) FCCI had agreed to reduce the premium amount in response to NCM's information that the losses for the 2005 policy were overstated, and (3) the premium calculations are based on loss reserves that were arbitrarily and erroneously set by FCCI. The trial court denied FCCI's motion for summary judgment, finding that "genuine issues of material fact exist that prevent the Court from entering a judgment as a matter of law in favor of the moving party."
On appeal, FCCI argues that the court departed from the essential requirements in denying its motion for summary judgment because the court lacked jurisdiction to rule on a challenge to its premium calculations. FCCI argues that an insured that has a dispute with its carrier regarding the computation of retrospective premiums must avail itself of the administrative dispute resolution and appeals process under section 627.371, Florida Statutes (2006). We agree and grant FCCI's petition for writ of certiorari on this basis.
A party challenging the good faith calculation of retrospective workers' compensation premiums must pursue such a challenge in an administrative forum. Am. Home Assurance Co. v. Phineas Corp., 347 F.Supp.2d 1231 (M.D.Fla.2004). Thus, an insurer's motion for summary judgment should be granted in an action to collect retrospective workers' compensation premiums when the insured defends against the motion based on a challenge to *7 the good faith calculation of the premiums but has not exhausted its administrative remedies pursuant to section 627.371. Id. at 1236-37. In this case, NCM has defended against FCCI's motion for summary judgment based on a challenge to FCCI's good faith calculation of the final premiums. NCM has not exhausted its administrative remedies but is attempting to challenge FCCI's calculations in the trial court. Accordingly, FCCI was entitled to a summary judgment because the trial court is not the proper forum for NCM's challenge to FCCI's premium calculations.
NCM argues that the facts of this case are indistinguishable from those in Elite II v. American Casualty Co. of Reading, Pennsylvania, 2006 WL 1319540 (M.D.Fla. 2006) (unpublished decision), in which the court declined to dismiss an action concerning the computation of worker's compensation premiums for failure to exhaust administrative remedies. We find Elite II to be distinguishable from this case, and we are not persuaded that Elite II requires a departure from the general rule requiring an insured to challenge the good faith calculation of retrospective workers' compensation insurance premiums in an administrative forum.
In Elite II, the insured filed an action for a declaratory judgment on the right to premium credits under the Florida Contracting Classification Premium Adjustment Program ("FCCPAP"), monetary damages, punitive damages, and attorney's fees. Id. at *1. The insurer filed a motion to dismiss for failure to exhaust administrative remedies under section 627.371, arguing that challenges to the calculation of the insurance rate must be pursued in the administrative forum. The insured argued that the case did not concern the calculation of rates but the knowing refusal to refund a premium overpayment. The insured argued that its civil action was authorized by statute because the violation was done in bad faith.
The court denied the motion to dismiss, finding that "[a]lthough this case is about the total premiums due for the policies issued to [the insured], [the insured] is not challenging alleged improper classifications, or the rates on which the premium is based." Id. at *2. The court noted that the insured was actually seeking a declaration that pursuant to the terms of the insurance policy, the insurer must apply the FCCPAP credit when calculating the insurance premiums. Because the resolution of the case would turn on a construction of the insurance policies, the trial court was the appropriate forum.
Elite II is distinguishable from this case in two manners. First, Elite II deals with the application of a credit in calculating the final insurance premiums, while this case concerns the actual basis for the calculation of the final premiums. Unlike in Elite II, a construction of the insurance policies in this case will not resolve NCM's challenges to the calculation of the final insurance premiums. Instead, it will be necessary to review FCCI's audit of NCM to resolve the issue. Second, Elite II deals with an allegation of a bad faith refusal to refund a premium overpayment, while this case did not contain any allegations of bad faith.
"Certiorari relief is appropriate where a party has failed to first exhaust his or her administrative remedies [under section 627.371]." See Progressive Express Ins. Co. v. Reaume, 937 So.2d 1120, 1123 (Fla. 2d DCA 2006). Because NCM had a legal obligation to exhaust its administrative remedies and failed to do so, the trial court departed from the essential requirements of the law in denying FCCI's motion for summary judgment. See Metro. Dade County v. Recchi Am., Inc., 734 So.2d *8 1123, 1125 (Fla. 3d DCA 1999) (holding that allowing parties to pursue their actions in trial court constitutes a departure from the essential requirements of the law when there is a legal obligation to exhaust administrative remedies). We therefore grant FCCI's petition for writ of certiorari and quash the order of the trial court with directions for the court to grant FCCI's motion for summary judgment.
Petition granted.
NORTHCUTT, C.J., Concurs.
VILLANTI, J., Concurs specially.
VILLANTI, Judge, Specially concurring.
I concur in the result in this case because I believe it is compelled by the supreme court's decision in Florida Welding & Erection Service, Inc. v. American Mutual Insurance Co. of Boston, 285 So.2d 386 (Fla.1973). In Florida Welding, the supreme court noted that "[t]he matter of the actual application of this . . . `rate data' to arrive at the premium charged[] appears to have an adequate basis for administrative review under . . . s. 627.371. . . ." Id. at 389. Here, NCM is challenging FCCI's application of the "rate data" to arrive at the premium charged. Pursuant to Florida Welding, this challenge should have first been raised administratively under section 627.371.
While it is true that section 627.371(1) provides that a party aggrieved by the rates charged "may file a written complaint" with the administrative agency, the supreme court has held that "[w]here an administrative remedy is provided by statute, relief must be sought by exhausting this remedy before the courts will act." Id. at 390 (emphasis added); see also Odham v. Foremost Dairies, Inc., 128 So.2d 586, 593 (Fla.1961); Hennessy v. City of Fort Lauderdale, 101 So.2d 176, 178 (Fla. 2d DCA 1958). Thus, because this administrative remedy existed, NCM was required to exhaust that remedy before raising its claims in a judicial forum, which it did not do. Accordingly, under the binding authority of Florida Welding, the trial court departed from the essential requirements of the law by permitting the claims raised in NCM's affirmative defenses to go forward.
But for Florida Welding, however, I would not be inclined to find that the trial court departed from the essential requirements of the law by failing to follow Phineas. Phineas is a federal district court case in which the affirmative defenses raised by the insured were factually and legally distinguishable from those raised by NCM in this case. Further, while Florida Welding was binding on the trial court, Phineas is not. Therefore, while I concur in the result, I find the majority's reliance on Phineas to find a departure from the essential requirements of the law inexpedient.