GERBER, J.
 

 This appeal presents the question of whether an insured homeowner, who does not receive from his insurer a statutorily-mandated premium discount for having a windstorm-mitigating hip roof, must pursue administrative remedies instead of pursuing court action against his insurer. We hold that the insured must pursue those administrative remedies. Therefore, we affirm the circuit court’s dismissal of the plaintiffs action below.
 

 The statutorily-mandated premium discount appears in sections 627.0629 and 627.711, Florida Statutes (2007). Section 627.0629 provides, in pertinent part:
 

 (l)(a) It is the intent of the Legislature that insurers must provide savings to consumers who install or implement windstorm damage mitigation techniques, alterations, or solutions to their
 
 *653
 
 properties to prevent windstorm losses. A rate filing for residential property insurance must include actuarially reasonable discounts, credits, or other rate differentials, or appropriate reductions in deductibles, for properties on which fixtures or construction techniques demonstrated to reduce the amount of loss in a windstorm have been installed or implemented. ...
 

 [[Image here]]
 

 (2)(c) The premium notice shall specify the amount by which the rate has been adjusted ... and shall also specify the maximum possible positive and negative adjustments that are approved for use by the insurer....
 

 § 627.0629(l)(a), (2)(c), Fla. Stat. (2007). Section 627.711 provides, in pertinent part:
 

 Using a form prescribed by the Office of Insurance Regulation [ (“OIR”) ], the insurer shall clearly notify the applicant or policyholder ... of the availability and the range of each premium discount, credit, other rate differential, or reduction in deductibles ... for properties on which fixtures or construction techniques demonstrated to reduce the amount of loss in a windstorm can be or have been installed or implemented.
 

 § 627.711(1), Fla. Stat. (2007).
 

 The plaintiff sued his homeowner’s insurer, State Farm, in circuit court, alleging in various causes of action that State Farm violated sections 627.0629 and 627.711. The plaintiff alleged that his home has a windstorm-mitigating hip roof for which the State of Florida requires insurers to provide a premium discount to their insureds. The plaintiff further alleged that State Farm did not notify him of his right to receive the discount, or provide him with the discount. Instead, according to the plaintiff, State Farm required its insureds to complete an inspector-certified windstorm survey to be entitled to the discount. The plaintiff sought to recover the discount, and to enjoin State Farm from allegedly continuing to violate the aforementioned statutes. The plaintiff also sought class action relief on behalf of all other similarly situated State Farm policyholders.
 

 State Farm moved to dismiss. State Farm alleged that the plaintiff failed to exhaust his administrative remedies under section 627.371, Florida Statutes (2007). That section provides, in pertinent part:
 

 (1) Any person aggrieved by any rate charged ... by an insurer ... may ... make written request of the insurer ... to review the manner in which the rate ... has been applied with respect to insurance afforded her or him. If the request is not granted within 30 days ..., the requester may treat it as rejected. Any person aggrieved by the refusal of an insurer ... to grant the review requested ... may file a written complaint with the [OIR], specifying the grounds relied upon....
 

 (2) If ... upon sufficient complaint as provided in subsection (1), the [OIR] has good cause to believe that such insurer ... does not comply with the requirements and standards of this part applicable to it, [the OIR] shall ... give notice in writing to such insurer, ... stating therein in what manner and to what extent noncompliance is alleged to exist and specifying therein a reasonable time, not less than 10 days thereafter, in which the noncompliance may be corrected, including any premium adjustment.
 

 (3) If ... within the period prescribed by the [OIR] in the notice required by subsection (2), the insurer ... does not make such changes ... to correct the noncompliance ..., then the [OIR] is required to proceed to further determine the matter....
 

 
 *654
 
 § 627.371, Fla. Stat. (2007). In a memorandum of law supporting its motion to dismiss, State Farm added that, if the complainant does not obtain the relief requested, the complainant may obtain judicial review of the OIR’s action pursuant to section 120.68, Florida Statutes (2007). That section provides, in pertinent part:
 

 (1) A party who is adversely affected by final agency action is entitled to judicial review....
 

 (2)(a) Judicial review shall be sought in the appellate district where the agency maintains its headquarters or where a party resides or as otherwise provided by law....
 

 § 120.68(1), (2)(a), Fla. Stat. (2007).
 

 In a thorough order, the circuit court dismissed the suit on the ground that the plaintiff failed to exhaust his administrative remedies under section 627.371. This appeal followed. “The standard for reviewing a trial court’s order granting a motion to dismiss is de novo.”
 
 Zeiger Crane Rentals, Inc. v. Double A Indus., Inc.,
 
 16 So.3d 907, 910 (Fla. 4th DCA 2009).
 

 The plaintiff argues that section 627.371 does not apply here because this case is not about “ratemaking” and his complaint does not challenge State Farm’s rates. Rather, the plaintiff contends his action concerns State Farm’s failure to provide the statutorily-mandated premium discount.
 

 We understand the distinction which the plaintiff makes between rate-making and premium discounts. Nevertheless, we hold that a premium discount is inextricably linked to the rate charged and, therefore, section 627.371 applies to the plaintiffs action. An examination of the relevant statutes supports this holding.
 

 A “premium” is “the consideration paid or to be paid to an insurer for the issuance ... of any ... policy of insurance.” § 627.041(2), Fla. Stat. (2007). A “rate” is “the unit charge by which the measure of exposure or the amount of insurance specified in a policy of insurance ... is multiplied to detennine the premium.” § 627.041(1), Fla. Stat. (2007). Put in mathematical terms: Amount of insurance x Rate = Premium. Because the amount of insurance specified in a policy is a constant, a premium discount necessarily requires lowering the rate charged. Thus, to the extent an insured claims to have been wrongly deprived of a premium discount, the insured essentially is claiming to have been aggrieved by the rate charged.
 

 Such a claim finds its remedy in section 627.371. Any person aggrieved by any rate charged may request review of the manner in which the rate “has been applied,” i.e., the premium.
 
 See
 
 §§ 627.371; 627.041(1). Upon sufficient complaint, the OIR is required to notify the insurer as to the manner in which to correct the noncompliance, including any “premium adjustment.”
 
 See
 
 § 627.371(2). Thus, under section 627.371’s plain language, a request for a “premium adjustment” necessarily must arise from a challenge to the “rate charged.”
 

 The statutes upon which the plaintiff bases his action further demonstrate on their face that the rate charged and any premium discounts are inextricably linked. Section 627.0629(l)(a) provides that a rate filing for residential property insurance must include “reasonable discounts ... or
 
 other rate differentials
 
 ” for properties on which windstorm mitigation techniques have been installed, (emphasis added) Section 627.0629(2)(c) provides that “[t]he
 
 premium
 
 notice shall specify the amount by which the
 
 rate
 
 has been adjusted.” (emphasis added) Section 627.711(1) provides that the insurer shall notify the policyholder of the availability and the range of each “premium discount ... [or]
 
 other rate differential”
 
 for properties on which wind
 
 *655
 
 storm mitigation techniques have been installed. (emphasis added)
 

 Our application of section 627.371 to the plaintiffs action here is consistent with the results of cases from three other district courts.
 
 See FCCI Ins. Co. v. NCM of Collier County, Inc.,
 
 15 So.3d 5 (Fla. 2d DCA 2009) (insured challenging good faith calculation of insurance premiums must avail itself of the administrative process under section 627.371);
 
 Progressive Express Ins. Co. v. Reaume,
 
 937 So.2d 1120 (Fla. 2d DCA 2006) (insured alleging that her insurer charged excessive rate by violating statute prohibiting insurers from seeking excessive premium finance charges was required to first seek relief with OIR under section 627.371);
 
 State Farm Mut. Auto. v. Gibbons,
 
 860 So.2d 1050 (Fla. 5th DCA 2003) (insured alleging that her insurer charged excessive rate by violating statute prohibiting insurers from considering monies paid on bad faith and punitive damage claims when determining rates was making “challenge to the rate-making process” for which exclusive remedy was administrative review under section 627.371);
 
 Int’l Patrol & Detective Agency, Inc. v. Aetna Cas. & Sur. Co.,
 
 396 So.2d 774 (Fla. 1st DCA 1981) (insured alleging that its insurers charged excessive rates by violating statute requiring insurers to consider investment income when determining rates had adequate administrative remedy under section 627.371 and was barred from bringing circuit court action).
 

 We find inapplicable the cases upon which the plaintiff relies, but we choose to address one of those cases,
 
 Elite II v. Am. Cas. Co. of Reading, Pa.,
 
 No. 8:05-CV-1623-T-17MAP, 2006 WL 1319540 (M.D.Fla. May 11, 2006). In
 
 Elite II,
 
 the insured sought a declaratory judgment on whether it had the right to receive premium credits under its insurer’s policy. 2006 WL 1319540 at *1. The insurer requested dismissal of the case because the insured did not exhaust administrative remedies under section 627.371.
 
 Id.
 
 The court denied the motion to dismiss, reasoning:
 

 Although this case is about the total premium due for the policies issued to [the insured], [the insured] is not challenging alleged improper classification, or the rates on which the premium is based. [The insured] is seeking a declaration that the policy provisions require [the insurer] to apply the ... credit in calculating the correct premium for the policy periods. The Court recognizes the regulatory scheme and the discretion of the Florida Department of Insurance, but finds that the resolution of this case will turn on construction of the insurance policies.
 

 Id.
 
 at *2.
 

 The plaintiff relies on
 
 Elite II
 
 because that case dealt with the application of a credit in calculating a premium, not the basis for calculating the premium. Respectfully, we disagree with
 
 Elite II
 
 based on our statutory analysis and case comparison above. Notably, the federal district court’s decision did not examine any of the Florida state cases which we have examined, and appears inconsistent with those cases.
 

 The plaintiff also has appealed from the circuit court’s order denying his motion for attorney’s fees. Included within that order was language denying the plaintiffs request for an evidentiary hearing and limited discovery. Without further comment, we affirm that order in its entirety on all arguments which the plaintiff has raised in his briefs.
 

 Affirmed.
 

 POLEN and MAY, JJ., concur.