CLARK, J.
In the circuit court, Bobby Thomas sought a writ of mandamus to overturn final agency action by the Florida Department of Corrections in prison disciplinary proceedings. He now challenges the circuit court’s final Order Dismissing in Part and Denying in Part his petition for writ of mandamus. Pursuant to Whisner v. Moore, 825 So.2d 420 (Fla. 1st DCA 2002), this proceeding is treated as an appeal of the circuit court’s dismissal of certain claims for failure to exhaust administrative remedies but is reviewed under the higher certiorari standard for the denials on the merits of the remaining claims. Mora v. McDonough, 956 So.2d 1203 (Fla. 1st DCA 2007).
The circuit court did not err by finding that Appellant failed to exhaust his administrative remedies on four of his claims: that the Department failed to comply with *301 rules 33-601.305(2); 33-601.307(3); and 33-601.308, Florida Administrative Code; and that the evidence of the corrections officer was insufficient to support the disciplinary team’s finding of guilt. In his appeal of these rulings, Thomas did not argue any error in the circuit court’s finding that he had not exhausted his administrative remedies. He merely reiterated the arguments presented to the circuit court in his petition for writ of mandamus. As stated in Steele v. Florida Unemployment Appeals Comm’n, 596 So.2d 1190, 1191 (Fla. 1st DCA 1992):
The appellate court is a court of review, not simply another forum to which the dissatisfied litigant may submit his or her list of grievances in hopes of a more favorable outcome. For the most part, the appellate court is concerned with questions pertaining to whether or not the proceedings below were carried out in accordance with the law. It is generally not a question of whether the appellate court agrees or disagrees with the result reached in a particular case, but whether that result was reached in a fair manner and was within the jurisdiction and authority of the court or agency whose decision is being appealed.
This review function of the appellate court applies to prison inmates challenging agency decisions of the Department of Corrections just as it applies to other pro se litigants challenging agency actions of other administrative agencies.
Even if Appellant had challenged the circuit court’s finding that he failed to exhaust his administrative remedies, the record supports the court’s finding of no exhaustion. The circuit court correctly dismissed these claims and no error is apparent from the record.
Considering Appellant’s challenge to the circuit court’s denial on the merits of his other claims — that the disciplinary team’s determination was contrary to the evidence presented by Thomas and that the agency was required to use the informal disciplinary actions provided for by rule 33-601.303(1), Florida Administrative Code prior to the formal proceedings at issue— no basis for the issuance of the writ of certiorari is presented. The circuit court complied with the procedural due process set out in rule 9.100(f) — (k), Florida Rules of Appellate procedure, and applied the correct law. Plymel v. Moore, 770 So.2d 242, 246 (Fla. 1st DCA 2000).
Accordingly, the portion of the circuit court’s order dismissing the claims upon which it found that Appellant failed to exhaust his administrative remedies is AFFIRMED. The writ of Certiorari is DENIED for the portions of the circuit court’s order denying mandamus relief on the merits regarding the sufficiency of the evidence to support the disciplinary action and the Department’s exercise of its discretion to pursue or forego alternative disciplinary remedies.
DAVIS and ROWE, JJ., concur.