CLARK, J.
Nick Molfetto, a state prisoner, appeals the circuit court’s dismissal of his circuit court action for review of administrative disciplinary proceedings. The dismissal was based on the circuit court’s finding, after the Department of Corrections responded to the petition, that Molfetto had failed to exhaust his administrative remedies before filing the action. Because the record demonstrates that Molfetto properly exhausted his administrative remedies, the order dismissing the action is reversed.
The circuit court’s dismissal of a petition for review of administrative disciplinary action by the Department of Corrections for failure to exhaust administrative remedies is reviewed as an appeal, in contrast to the review of a circuit court’s appellate review on the merits of administrative disciplinary action, which is reviewed by this court under the more limit *451 ed certiorari standard. See Thomas v. State, Florida Department of Corrections, 89 So.3d 300 (Fla. 1st DCA 2012); Mora v. McDonough, 956 So.2d 1203 (Fla. 1st DCA 2007). The standard of review of a circuit court’s order granting a motion to dismiss for failure to exhaust administrative remedies is de novo. See Serchay v. State Farm Fla. Ins. Co., 25 So.3d 652 (Fla. 4th DCA 2010); Wilson v. Orange County, 881 So.2d 625, 629 (Fla. 5th DCA 2004).
The record before us demonstrates that while serving his prison sentence in the custody of the Florida Department of Corrections, Appellant received an administrative disciplinary report for possession of narcotics and other violations of the prison disciplinary code. After investigation and a disciplinary hearing, the administrative disciplinary team found Appellant guilty of the rule violation. The disciplinary action decision was issued on February 11, 2011.
On February 28, 2011, the institutional grievance office received Appellant’s administrative appeal or “formal grievance,” filed pursuant to rule 33-103.006(2)(h), Florida Administrative Code. On March 7, 2011, this formal grievance was “returned without processing” because it “was not received within 15 calendar days of the date on which the incident or action being complained about occurred.” See Fla. Admin. Code R. 33-103.014(l)(e).
Appellant then filed his administrative appeal to the Secretary of the agency, pursuant to rule 33-103.007, Florida Administrative Code. One of Appellant’s arguments in his appeal to the Secretary was that he had timely filed his grievance on February 25, 2011, a Friday, and that the Secretary’s office stamped the appeal as “received” on February 28, 2011, a Monday. The Secretary’s response to this appeal stated that the institutional-level grievance was required to be “received within 15 days of the hearing” and that Appellant “had ample time to appeal” but that Appellant “did not meet that time frame.” The Response concluded that the administrative appeal was “being returned without action.”
Judicial review of the administrative proceedings was initiated by Appellant in the circuit court when he filed his complaint for writ of mandamus on April 18, 2011. He challenged the Department’s administrative disciplinary action on the basis that it was not supported by sufficient evidence to find him guilty of possession of narcotics. The Department’s response did not address the merits of Appellant’s complaint but sought dismissal of the action due to Appellant’s failure to exhaust his administrative remedies prior to filing his complaint. The circuit court dismissed the action on that ground.
Time frames applicable to prison inmate grievances are governed by rule 33-103.011, Florida Administrative Code. Under rule 33-103.011(l)(b)2., the deadline for receipt of Appellant’s institutional level grievance was 15 days after the disciplinary report ruling was issued on February 11, 2011, making the deadline Saturday, February 26, 2011. Rule 33-103.011(5) provides that when “the 15th day ... falls on a weekend or holiday, the due date shall be the next regular work day.” Thus, the deadline in this case was Monday, February 28, 2011, and this is the date Appellant’s institutional level grievance was received by the institutional office. Accordingly, it was timely. Appellant’s argument on this issue in his appeal to the Secretary preserved the issue of timeliness for later consideration. Under these circumstances, the circuit court’s dismissal of the action for failure to exhaust administrative remedies was error.
The order dismissing the circuit court action for failure to exhaust administrative *452 remedies is reversed. This case is remanded for further proceedings, including the filing of any supplemental response by the Department as the circuit court deems appropriate.
BENTON, C.J. and MAKAR, J., concur.