PER CURIAM.
People’s Trust Insurance Company (insurer) petitions for a writ of certiorari seeking review of an order denying a motion to dismiss a class action suit. We grant the petition because Respondent Joseph Pesta did not exhaust available administrative remedies.
Pesta filed a class action suit against the insurer (his homeowner’s insurance carrier) and the insurer’s managing general agent alleging the insurer improperly collected a $25 managing general agent (MGA) fee on all of its insurance policies in violation of section 626.7451, Florida Statutes. Pesta alleged he should not have been charged the MGA fee because the insurer’s MGA did not place this insurance policy and was not acting as a legitimate MGA. The insurer moved to dismiss arguing Pesta’s challenge to the MGA fee is an administrative matter related to the rate and premium that must first be addressed with the Office of Insurance Regulation (OIR) pursuant to section 627.371, Florida Statutes. See Serchay v. State Farm, Florida Ins. Co., 25 So.3d 652 (Fla. 4th DCA 2010).
Certiorari is an available remedy if a party has failed to exhaust an exclusive *971 administrative remedy. Progressive Express Ins. Co. v. Reaume, 937 So.2d 1120, 1123 (Fla. 2d DCA 2006) (citing Metro. Dade Cty. v. Recchi Am., Inc., 734 So.2d 1123 (Fla. 3d DCA 1999)).
Section 627.371 provides an administrative remedy with OIR for “[a]ny person aggrieved by any rate charged, rating plan, rating system, or underwriting rule followed or adopted by an insurer.” § 627.371(1), Fla. Stat.
The MGA fee is part of the insurer’s rate filing that must be approved by OIR. Section 626.7451(11), Florida Statutes, states:
A licensed managing general agent, when placing business with an insurer under this code, may charge a per-policy fee not to exceed $25. In no instance shall the aggregate of per-policy fees for a placement of business authorized under this section, when combined with any other per-policy fee charged by the insurer, result in per-policy fees which exceed the aggregate amount of $25. The per-policy fee shall be a component of the insurer’s rate filing and shall be fully earned.
Id. (emphasis added).
Pesta contends that, because the insurer’s MGA did not place his policy with the insurer, the fee was not earned. We disagree. The “fully earned” language in this section relates to whether this part of the premium must be refunded if there is an early cancelation of a policy. Fla. Admin. Code R. 690-170.010(1) (explaining that the unearned premium amount that must be returned when an insured cancels a policy does not include “inspection fees or other fees defined by statute to be fully earned”). Section 626.7451(11) defines the MGA fee as a “fully earned” fee that does not have to be refunded.
Pesta disagrees that any “component of the insurer’s rate filing” is necessarily part of the rate or premium reviewable by OIR.
The Administrative Code states that “[p]er-policy fees charged under Section 626.7451(11), F.S., by licensed managing general agents fall under the definition of ‘premiums’ as defined in Section 627.403, F.S., and are subject to premium tax as set forth in Section 624.509, F.S.” Fla. Admin. Code R. 12B-8.001; see § 627.403, Fla. Stat. (providing that “ ‘[pjremium’ is the consideration for insurance, by whatever name called. Any ‘assessment,’ or any ‘membership,’ ‘policy,’ ‘survey,’ ‘inspection,’ ‘service’ or similar fee or charge in consideration for an insurance contract is deemed part of the premium.”).
The MGA fee is part of the premium, and as a “component of the insurer’s rate filing,” this was part of the insurers “rating plan” reviewable by OIR. Whether an MGA fee can be charged for each policy, regardless of whether the insurer’s MGA actually placed the policy with the insurer, is a regulatory issue that the agency should resolve.
Accordingly, we grant the insurer’s petition and quash the order denying the motion to dismiss.
GROSS, DAMOORGIAN and LEVINE, JJ., concur.