DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PEOPLE'S TRUST MGA, LLC,**
Petitioner,

v.

**JOSEF PESTA,** individually,
and on behalf of all those similarly situated,
Respondent.

No. 4D19-825

[September 18, 2019]

Petition for writ of certiorari to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael A. Robinson, Judge; L.T. Case No. CACE14-016648(13).

Stephen W. Bazinsky and Catherine Galvis of Bazinsky, Korman & Baker, P.A., Plantation, for petitioner.

Edward H. Zebersky of Zebersky & Payne, LLP, Fort Lauderdale, Candise L. Shanbron of Cernitz & Shanbron, P.A., Coral Gables, Bard D. Rockenbach and Jeffrey V. Mansell of Burlington & Rockenbach, P.A., West Palm Beach, for respondent.

WARNER, J.

People's Trust MGA, LLC (PTMGA) seeks certiorari review of an order compelling discovery. In its petition PTMGA argues that the circuit court lacks jurisdiction over the underlying case because plaintiff failed to exhaust administrative remedies. We agree and grant the petition.

Respondent Josef Pesta filed a class action suit against his insurer, and its managing general agent, PTMGA, alleging that his premium improperly included a twenty-five dollar per policy fee for PTMGA. He contended that fee should not have been included because PTMGA did not place the policy with the insurer and was not acting as a legitimate managing general agent. The insurer moved to dismiss the complaint for failing to exhaust an available administrative remedy with the Florida Office of Insurance Regulation (OIR). The trial court denied the motion. The insurer petitioned for certiorari review, and this court granted the petition.

*People's Trust Ins. Co. v. Pesta*, 199 So. 3d 970 (Fla. 4th DCA 2016) *(Pesta I)*. We explained that section 627.371, Florida Statutes (2011), provides an administrative remedy for any person aggrieved by a rate charged or a rating plan, and the MGA fee is part of the insurer's "rate filing" that must be approved by OIR. 199 So. 3d at 971. We concluded: "Whether an MGA fee can be charged for each policy, regardless of whether the insurer's MGA actually placed the policy with the insurer, is a regulatory issue that the agency should resolve." *Id.*

Subsequently, Pesta filed a second amended complaint against PTMGA (the insurer's agent) requesting relief in the form of a class action against only PTMGA. However, the claims were essentially the same as against the insurer in that it sought a declaratory judgment and damages, contending that the inclusion of the MGA fee on each policy violated the law. It alleged that PTMGA is not a managing general agent for purposes of the insurance policy, and the insurance company or MGA is not entitled to charge or collect for the fees.

PTMGA filed a petition for certiorari as to the second amended complaint, alleging that our prior opinion controlled. We denied certiorari relief, but our denial was not a determination on the merits and therefore did not prevent the issue from being raised in further proceedings. *See Topps v. State*, 865 So. 2d 1253 (Fla. 2004).

After our denial, discovery ensued. It shows that the issues which Pesta is attempting to litigate are within the purview of the OIR and its rate approval. PTMGA then filed this certiorari petition contending both that the court lacked jurisdiction, because of the failure to exhaust administrative remedies, and that the discovery was improper.

If it was not clear when the second amended complaint was filed, it is clear now that Pesta is simply seeking to do an "end-run" around our prior opinion which held that the MGA fee on the policy must first be presented to the OIR, which the legislature has charged with responsibility to supervise insurance rate-setting. *See* § 20.121, Fla. Stat. (2014). The courts must not usurp the administrative responsibilities of that entity. *See Fla. Dep't of Ins. & Treasurer v. Bankers Ins. Co.*, 694 So. 2d 70, 71 (Fla. 1st DCA 1997).

We have stated that failure to exhaust administrative remedies goes to the trial court's subject matter jurisdiction to hear a matter. *See Dist. Bd. of Trustees of Broward Cmty. Coll. v. Caldwell*, 959 So. 2d 767, 771 (Fla. 4th DCA 2007). Other courts have agreed. *See BJ's Wholesale Club, Inc. v. Bugliaro*, 273 So. 3d 1119 (Fla. 3d DCA 2019); *Artz ex rel. Artz v. City of*

*Tampa*, 102 So. 3d 747, 749 (Fla. 2d DCA 2012) (treating exhaustion of administrative remedies as a question of subject matter jurisdiction). Still other courts consider it a "court-created prudential doctrine," not one of jurisdiction. *See State Dep't. of Envtl. Prot. v. PZ Constr. Co., Inc.*, 633 So. 2d 76, 78 (Fla. 3d DCA 1994). If it is subject matter jurisdiction, then the trial court is without power to proceed. If it is a prudential doctrine, then the trial court departs from the essential requirements of law in proceeding with the determination of issues that the legislature expressly authorized the administrative agency to decide. *See e.g. Pesta I.*

As this case involves the propriety of what is included in the insurance company's rate charges, it is for the OIR to determine in the first instance, as we expressly stated in *Pesta I.* We therefore grant the petition and direct that the action be dismissed for failure to exhaust administrative remedies.

GROSS and KUNTZ, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**

3