195 N.J. Super. 435 (1984)
480 A.2d 218
GIL CHIMES, MICHAEL CHIMES, SR., MICHAEL CHIMES, JR. AND CRAIG CHIMES, PLAINTIFFS-APPELLANTS,
v.
ORITANI MOTOR HOTEL, INC. D/B/A NEW EARTH RESTAURANT, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 1, 1984.
Decided August 14, 1984.
*438 Before Judges BOTTER and PRESSLER.
Paul Schachter argued the cause for appellants (Reinhardt & Schachter, attorneys; Paul Schachter and Joel A. Smith, of the Maryland Bar, on the brief).
John W. Leyden, Jr., argued the cause for respondent (Leyden & Leyden, attorneys).
The opinion of the court was delivered by BOTTER, P.J.A.D.
In this action plaintiffs sought to enforce a judgment against defendant in the amount of $4,089.16 which they had recovered against defendant in the Supreme Court of the State of New York. Defending against the claim, defendant asserted that the New York judgment was void and unenforceable because the New York court never acquired jurisdiction over the controversy or the defendant, that defendant was never validly served with process in the State of New York, and that the provisions in the contract between the parties designating plaintiffs' union as the arbitrator were not voluntarily agreed upon and were void and unenforceable as against public policy. This last defense was asserted as a separate defense in defendant's answer. The trial judge refused to enforce the New York *439 judgment against defendant because defendant "never consented to jurisdiction in New York...." The trial judge ruled that, to be effective, consent to be sued in another state "that has no jurisdiction over a matter has to be clear and concise and not something hidden in a regulation that you don't get until after a claim is made." We affirm, but on different grounds.
Plaintiffs are musicians known as the Gil Chimes Quartet. According to appellants' brief, they are members of the American Federation of Musicians of the United States and Canada (AFM), "which is a labor organization that represents professional musicians like the plaintiffs." On November 12, 1979, Gil Chimes and defendant (Oritani) entered into a contract for the Quartet to perform at Oritani's New Earth Restaurant in Hackensack. The contract provided that the group would work at the New Earth Restaurant four nights a week between November 28, 1979 and March 1, 1980 and were to be paid $700 per week at the completion of work on Saturday night. Defendant contends that the parties thereafter modified the agreement in writing signed by Gil Chimes and defendant by which the parties agreed to terminate the engagement on January 26, 1980 with the understanding that a different five week engagement would be offered to plaintiffs at a later date in 1980. Notwithstanding this agreement, Gil Chimes filed a claim on February 22, 1980 with the AFM seeking $3,500 from defendant on the ground that defendant breached the contract by terminating it five weeks early. That claim made no mention of the modifying agreement which defendant contends was executed in January 1980.
The contract signed by the parties was prepared on a standard "contract blank" prepared by the AFM. It contained a provision for binding determination of all disputes relating to the contract by the International Executive Board of the AFM (the Board) or of a similar board of an "appropriate local." Pertinent provisions of the contract are:
8. In accordance with the Constitution, By-laws, Rules and Regulations of the Federation, the parties will submit every claim, dispute, controversy or *440 difference involving the musical services arising out or connected with this contract and the engagement covered thereby for determination by the International Executive Board of the Federation or a similar board of an appropriate local thereof and such determination shall be conclusive, final and binding upon the parties.
ADDITIONAL TERMS AND CONDITIONS
* * * * * * * *
All employees covered by this agreement must be members in good standing of the Federation. * * *
* * * * * * * *
To the extent permitted by applicable law, all of the Constitution, By-laws, Rules and Regulations of the Federation and of any local thereof applicable to this engagement (not in conflict with those of the Federation) will be adhered to and the parties acknowledge that they are and each has the obligation to be, fully acquainted therewith.
Defendant's attorney responded by letter to the notice of the claim which he received from the AFM. He denied any obligation and enclosed a copy of the superseding agreement. However, because a sworn affidavit was not submitted in compliance with AFM's rules of practice and procedure, the letter was returned to him, and he did not participate in the proceeding. The claim was later considered without an answer, and plaintiffs were given an award of $3,500. In 1981 plaintiffs started an action in the Supreme Court of New York to confirm the award. Notice of the proceedings was delivered to Oritani in New Jersey, but defendant did not appear in the New York action. A judgment was entered for $3,500 plus interest of $589.16, making the total $4,089.16. This action was instituted in December, 1983 for the amount of the New York action, plus interest and costs.
Article 9 of AFM's by-laws governs claims and arbitrations. Section 6(B)(1) provides that the "adjudication of grievances before the Board under the provisions of this Section 6 shall be the sole and exclusive remedy for breach of contract by employees (or performers of services), employers (or purchasers of services) and booking agents." Section 6(C)(7) provides that *441 the State of New York and the state of residence of any party to the submission "shall have jurisdiction over such parties" for the purpose of confirming and enforcing the Board's award.
Unless an agreement is unenforceable for some other reason, an agreement to arbitrate disputes in accordance with the rules of an arbitration association will be enforced in this state. Battle v. General Cellulose Co., 23 N.J. 538 (1957). A rule of that association which provides that an action on the award may be brought in the state where the arbitration was held will also be enforced on the theory that a person may consent to the jurisdiction of the courts of a state of which that person is neither a domiciliary nor a resident. Id. at 546. Such consent may be given in advance, in which case the judgment of that court is entitled to full faith and credit. Ibid. In Battle the alleged agreement provided for the resolution of controversies and claims "according to the rules of the American Arbitration Association."
Defendant contends that the provision for submission of disputes for adjudication by the AFM Board was contained in a contract of adhesion which should not be enforced because the provision is unconscionable and contrary to our public policy. Principal reliance is placed on the California Supreme Court's holding in Graham v. Scissor-Tail, Inc., 28 Cal.3d 807, 171 Cal. Rptr. 604, 623 P.2d 165 (Sup.Ct. 1981). That case dealt with a similar provision for arbitration contained in a contract known as "an A.F. of M. Form B Contract." The trial court had ordered arbitration of a dispute between parties to the contract. The parties were an experienced promoter of musical concerts, Graham, and the leader of a musical group, Leon Russell, whose corporation, Scissor-Tail, Inc., marketed the services of Russell and his group. The court held that the contract was a contract of adhesion despite the fact that Graham's success as a promoter gave him considerable bargaining power. The reasons given were that all prominent concert artists and groups were AFM members who are not permitted to sign any *442 form of contract other than those issued by the AFM union. All such contracts contained the same arbitration provisions. Thus, as a practical matter, Graham was compelled to accept that form of agreement. The court further held that the arbitration provision would not be enforced. The provision was found to be oppressive and unconscionable because the arbitrator was so allied to one of the parties as to deny the arbitration proceeding a minimum level of integrity. In reaching that decision the California Supreme Court relied upon In re Cross & Brown Co., 4 A.D.2d 501, 167 N.Y.S.2d 573 (App.Div. 1957), a case which held that a provision requiring arbitration by an employee before the board of directors of his employer was illusory and invalid on its face as a matter of public policy.
Our Supreme Court has granted relief from provisions in contracts that are against public policy and are not freely negotiated because of unequal bargaining power of the parties. See Vasquez v. Glassboro Service Ass'n., Inc., 83 N.J. 86, 101-103 (1980), and cases cited therein. In the case at hand it is conceded that plaintiffs were members of the AFM which is an organization that "represents" professional musicians. Section 3 of the federation's by-laws provides: "All claims against defaulting employers must be filed with the International Secretary-Treasurer within three months after the default occurs." This section also provides that a "leader" who does not comply with this provision "may not be entitled to the assistance and protection of the Federation," but the failure will not absolve the defaulting employer. Section 4 provides that any claim referred to AFM for collection against an employer "cannot be settled privately ... unless the Federation agrees to same." Section 6 provides that every contract with a member of AFM "shall be deemed to include" the enumerated provisions for binding adjudication and determination by the Board or by a "Local Union" in certain cases.
Thus, plaintiffs were bound to include in the contract with defendant terms and conditions for dispute resolution *443 which accorded with the dictates of the AFM. In the circumstances we conclude that the so-called arbitration provision, giving the Board power to decide disputes between its members and defendant, is contrary to public policy. The relationship between the Board and its members is obviously too close to assure the dispassionate and impartial resolution of disputes between AFM members and non-members. See Barcon Assoc. v. Tri-County Asphalt Corp., 86 N.J. 179, 188 and 191 (1981), holding that an arbitrator cannot satisfy the "high standards of honesty, fairness and impartiality" required of him if he has a conflict of interest derived from business dealings with a party to the dispute. We note that Barcon cited Graham v. Scissor-Tail, Inc. with approval for the proposition that "`complete contractual autonomy in the choice of an arbitrator' must give way to `the common law requirement of fair procedure.'" Id. at 189.
The trial judge was mistaken in giving precedential value to Shribman v. Miller, 60 N.J. Super. 182 (Ch.Div. 1960), on this issue. The parties in that case were the estate of Glenn Miller, a member of the American Federation of Musicians (AF of M), and plaintiffs, his managers and booking agents, who were licensed by the AF of M to act in that capacity. Moreover, the decision did not address the issue of the unconscionability of the arbitration provision.
Appellants contend that the decision below cannot be based on this alternate ground which the trial court rejected because defendant did not cross-appeal. However, appeals are taken from judgments, not opinions, and, without having filed a cross-appeal, a respondent can argue any point on the appeal to sustain the trial court's judgment. State v. Siciliano, 21 N.J. 249, 260 (1956).
We conclude, therefore, that the contract provisions requiring defendant to submit to the Board's determination of the dispute under AFM rules were unenforceable. Therefore, the judgment based on the Board's award will not be enforced. *444 Neither the Board nor the New York court had jurisdiction over defendant. Defendant did not submit to the jurisdiction of the Board or the New York court and was not served with process in New York. Plaintiffs cannot rely on the Board's rules and regulations as a basis for defendant's consent to the jurisdiction of the Board or the New York court.
For these reasons the judgment below is affirmed.