197 N.J. Super. 642 (1984)
485 A.2d 1083
IN THE MATTER OF THE ESTATE OF KRYSTINA KARAS, A MINOR, AND OF WALTER KARAS, JR., A MINOR.
Superior Court of New Jersey, Appellate Division.
Submitted December 17, 1984.
Decided December 26, 1984.
*643 Before Judges MORTON I. GREENBERG, O'BRIEN and GAYNOR.
Auerbach, Rudnick, Waldman, Ford & Addonizio, attorneys for appellant Walter A. Karas (James J. Addonizio, on the brief).
*644 Klatsky & Klatsky, attorneys for respondent Patricia F. Stefanile as guardian ad litem for Krystina Karas and Walter Karas, III (Patricia F. Stefanile, on the brief).
PER CURIAM.
Walter Karas appeals from the final judgment entered in this matter on October 11, 1983. Subject to the modification contained herein the order is affirmed substantially for the reasons set forth in the opinion of Judge McGann of September 23, 1983 reported at 192 N.J. Super. 107.
Initially we make a clarification. Judge McGann did not indicate whether decedent died intestate or testate but it is implicit in his opinion she died intestate. The guardian, in a representation not challenged by appellant, represents that she did die intestate. If the decedent had a will then certainly her interest in the property would have passed in accordance with it except, of course, that Walter Karas would have been excluded from sharing in the property.
We disagree with Judge McGann in one respect. He noted that the common law imposed a constructive trust on the remainder interest in the killer's share of the property for the benefit of the decedent's heir. He construed N.J.S.A. 3B:7-2 as changing the common law so that the constructive trust on the killer's one-half is for his heirs. The judge then stated that in an appropriate case that could make a difference but here it did not for the children are the heirs of both.
It seems to us that even here the disposition of the remainder in appellant's one-half interest could arguably make a difference and thus frustrate the result the judge intended. While Judge McGann knew who Walter Karas' heirs would be if he died intestate at the time the matter was pending in the trial court, he could not know what changes might come about by the time of Walter Karas' death. In fact we see no basis to change the common law rule that the remainder interest in the killer's share should be held in trust for the benefit of the *645 decedent's heirs. N.J.S.A. 3B:7-2 does not directly deal with the problem. In the absence of a specific legislative change the common law, which seems to us to be just, should not be disturbed.
We are confronted with a procedural problem. The guardian ad litem quite naturally did not cross appeal for the judgment resulted in an order completely in favor of her wards, the judge obviously treating the identification of Walter Karas' heirs as frozen. Inasmuch as appeals are taken from judgments not opinions the guardian cannot be faulted in this regard for she had no reason to appeal. See Chimes v. Oritani Motor Hotel, Inc., 195 N.J. Super. 435, 443 (App.Div. 1984). We are left, therefore, with the question as to whether in the absence of a cross appeal we have jurisdiction to modify the order of the trial court to make it technically less favorable to Walter Karas. In the circumstances of this case we hold that we have such jurisdiction. The trial court held that the Karas children would be the beneficiaries of the remainder of Walter Karas' share as his heirs. We hold that they are beneficiaries of the remainder of Walter Karas' share as the heirs of the decedent. This makes no substantive change in the result Judge McGann intended. In reality we have simply used a different theory than that relied upon by the trial judge to reach the same end. This may be done without a cross appeal. Ibid.
Finally we update the facts in the case. When Judge McGann ruled Walter Karas had been indicted but not convicted. According to the briefs he has now been convicted. Further the sale of the Long Branch property has been completed and the Oceanport property has been put on the market. When the Oceanport property is sold the same principles will govern *646 the disposition of the proceeds as control the disposition of the proceeds from the Long Branch property.
As modified herein the judgment is affirmed.[1]
NOTES
[1] Appellant's brief concludes with a statement that based on the arguments in the brief "together with any oral argument that may be presented on the return date of this appeal" the judgment on appeal should be reversed. This statement was not effective to request oral argument. R. 2:11-1(b) provides that in the Appellate Division appeals are submitted without argument unless argument is requested by one of the parties within the time specified "by a separate paper filed with the Clerk in duplicate" or unless the court orders oral argument. A paper is a formal document the form of which is set forth in R. 1:4-1. The separate paper must ask for oral argument and be filed for no other purpose. Neither party submitted a separate paper requesting oral argument. This rule must be strictly enforced for administrative reasons. Clearly a statement in a brief does not satisfy the rule. Consequently we have decided this case without oral argument.