734 So.2d 1123 (1999)
METROPOLITAN DADE COUNTY a/k/a Miami-Dade County, Petitioner,
v.
RECCHI AMERICA, INC., Respondent.
No. 98-2461.
District Court of Appeal of Florida, Third District.
May 12, 1999.
Rehearing Denied July 14, 1999.
*1124 Robert A. Ginsburg, Miami-Dade County Attorney, and Steven B. Bass, Assistant County Attorney, for petitioner.
Cummings, Thomas & Snyder, P.A., and F. Alan Cummings and Anna D. Torres, Tallahassee, for respondent.
Before SCHWARTZ, C.J., and COPE and GODERICH, JJ.
COPE, J.
The question before us is whether a complaint is subject to dismissal for failure to exhaust administrative remedies where a contractor has brought suit in circuit court without first complying with the contract's dispute resolution clause. We conclude that compliance with the dispute resolution clause was compulsory and that the action should have been dismissed for failure to exhaust administrative remedies. We therefore grant the petition for writ of certiorari.

I.
Respondent Recchi America, Inc. entered into a publicly-bid contract with Metropolitan Dade County for construction of a portion of the Metromover Extension Project, a public transportation system. The contractor submitted claims for additional amounts it contended were due under the contract. Prior to resolution of those claims, the contractor filed a breach of contract action in circuit court.
The County moved to dismiss, arguing that the contractor had not complied with the dispute resolution clause of the contract, which states:
42. DISPUTES
Except as otherwise provided in the Contract, any dispute arising under this Contract which is not disposed of by agreement shall be decided by [Metropolitan Dade County], who shall reduce his [sic] decision to writing and furnish a copy thereof to the Contractor. The decision of the Board of County Commissioners of Dade County, Florida, and those persons to whom it delegates authority to decide disputes, shall be final and conclusive unless determined by a court of competent jurisdiction to be fraudulent, capricious, arbitrary, so grossly erroneous as to necessarily imply bad faith, or not supported by substantial evidence.
The County has delegated to its Contracting Officer the authority to resolve disputes under this provision of the contract.
The County argued that the just-quoted paragraph 42 was either an administrative remedy which the contractor had not exhausted, or constituted an arbitration clause which should be enforced. The court denied the motion, and the County has petitioned for a writ of certiorari.

II.
Public contract dispute resolution provisions comparable to this one have generally been upheld. See, e.g., United States v. Carlo Bianchi & Co., 373 U.S. 709, 83 S.Ct. 1409, 10 L.Ed.2d 652 (1963); State Department of Health and Rehabilitative Services v. E.D.S. Federal Corp., 631 So.2d 353 (Fla. 1st DCA 1994); Westinghouse Electric Corp. v. New York City Transit Authority, 82 N.Y.2d 47, 603 N.Y.S.2d 404, 623 N.E.2d 531 (1993). The hearing procedures must be "`conducted in such a way as to require each party to present openly its side of the controversy and afford an opportunity of rebuttal.'" United States v. Carlo Bianchi & Co., 373 U.S. at 717, 83 S.Ct. 1409 (citation omitted). Review is to be on the record made before the Contracting Officer. Once the Contracting Officer makes his or her decision, the decision is, as stated in the contract, "final and conclusive unless determined by a court of competent jurisdiction to be fraudulent, capricious, arbitrary, so grossly erroneous as to necessarily imply bad faith, or not supported by substantial evidence."
The parties have debated whether the dispute resolution provision of the contract *1125 is properly viewed as an administrative remedy or as an arbitration clause. We believe it is the former, not the latter. The contract in this case does not provide for the conclusiveness of decision which is associated with arbitration, but instead embodies the more traditional idea of a decision rendered by an administrative officer, which is reviewable for arbitrariness, capriciousness, or absence of competent substantial evidence to support factual findings.
The long and short of it is that Recchi signed the construction contract knowing it contained this dispute resolution procedure. It must comply with the terms thereof. Recchi was not at liberty to proceed to circuit court without exhausting its administrative remedy.
Recchi argues that the administrative remedy should not be enforced, but its cases are distinguishable. Two courts have invalidated arbitration clauses contained in collective bargaining agreements which provided for the union executive board to arbitrate a dispute between a union member and a nonunion member. Graham v. Scissor-Tail, Inc., 28 Cal.3d 807, 171 Cal.Rptr. 604, 623 P.2d 165, 168 (1981); Chimes v. Oritani Motor Hotel, Inc., 195 N.J.Super. 435, 480 A.2d 218, 220 (1984). Given the inability of a litigant to obtain review of the merits of an arbitrator's decision under applicable arbitration codes, the courts in Graham and Chimes concluded that the arbitration clauses at issue would not be enforced. See Graham, 171 Cal.Rptr. 604, 623 P.2d at 174-176; Chimes 480 A.2d at 223.
An appellate court in New Jersey applied the foregoing logic to a public construction contract in which disputes were to be resolved by the Chief Engineer, and were not subject to further review. See Gothic Construction Group Inc. v. Port Authority Trans-Hudson Corp., 312 N.J.Super. 1, 711 A.2d 312 (1998). The court read the contract as providing for the Chief Engineer to serve as the sole arbitrator of disputes. The court did not specifically rule on the validity of the clause, but required further proceedings on the question whether the Chief Engineer would be too biased to serve as sole arbitrator given his personal role in the termination of the contractor's services. See id. at 318.[*]
None of those cases is pertinent to the contract now before us. The dispute resolution clause in the Dade County contract is an administrative remedy, not an arbitration clause, and the merits of the decision of the contracting officer are reviewable on the substantive grounds stated in the contract.
We reject Recchi's argument that exhaustion of the contractually provided dispute resolution remedy is not required. "Permitting parties to litigate in court where there is a legal or contractual obligation to proceed only administratively, constitutes a departure from the essential requirements of law." University of Miami v. Klein, 603 So.2d 651, 652 (Fla. 3d DCA 1992) (citation omitted); accord State Department of Health and Rehabilitative Services v. E.D.S. Federal Corp., 631 So.2d at 354 n. 1.
Further, Recchi is incorrect that the contractual dispute resolution clause does not provide adequate due process protections. As stated above, case law makes clear that such provisions require hearing procedures to be on the record and with an opportunity for rebuttal. See United States v. Carlo Bianchi & Co., 373 U.S. at 717, 83 S.Ct. 1409 (citation omitted). *1126 Such procedures are sufficient to provide Recchi due process.
Recchi's remaining challenges to the adequacy of the administrative remedy are rejected on authority of State Department of Health and Rehabilitative Services v. E.D.S. Federal Corporation, 631 So.2d at 357. We grant the petition for certiorari, quash the order under review, and direct that the complaint be dismissed for failure to exhaust administrative remedies.
Certiorari granted.
NOTES
[*] The New York courts have arrived at a differing interpretation of a similar contract clause. In New York, if the contract does not specify the standard of judicial review of the Chief Engineer's decision, then the Engineer's decision is reviewable for "`fraud, bad faith or palpable mistake.'" Yonkers Contracting Co. v. Port Authority Trans-Hudson Corp., 208 A.D.2d 63, 621 N.Y.S.2d 642, 645 (N.Y.App. Div.1995) (citation omitted), aff'd, 640 N.Y.S.2d 866 (N.Y.1996).