NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-5802-12T4

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

v.

IBRAHIM J. ELDAKROURY,

    Defendant-Respondent.

_____

| APPROVED FOR PUBLICATION |
| :---: |
| February 10, 2015 |
| APPELLATE DIVISION |

Argued January 13, 2015 - Decided February 10, 2015

Before Judges Reisner, Haas and Higbee[1].

On appeal from Superior Court of New Jersey, Law Division, Union County, Indictment No. 12-09-00698.

Kimberly L. Donnelly, Special Deputy Attorney General/Acting Assistant Prosecutor, argued the cause for appellant (Grace H. Park, Acting Union County Prosecutor, attorney; Sara B. Liebman, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

John D. Williams argued the cause for respondent (Nicosia Fahey & Williams, attorneys; Mr. Williams, of counsel; Vanessa L. Henderson, on the brief).

_____

[1] Judge Higbee did not participate in oral argument. However, with consent of counsel she has joined in this opinion. R. 2:13-2(b).

The opinion of the court was delivered by

REISNER, P.J.A.D.

By leave granted, the State appeals from a June 17, 2013 order dismissing the indictment in this case, without prejudice, due to blatant error in the legal instructions presented to the grand jury. The central issue in this appeal concerns the interpretation of N.J.S.A. 2C:34-7(a), which provides in relevant part: "[N]o person shall operate a sexually oriented business . . . within 1,000 feet of any area zoned for residential use."  Like the trial judge, we conclude that the location of the business is a material element of the offense and the State must prove that defendant acted knowingly with respect to that element.[2]

---

[2] We decline to address defendant's argument that N.J.S.A. 2C:34-7(a) is unconstitutional.  The trial judge's opinion does not indicate that this issue was raised on the motion to dismiss the indictment, nor did the trial court address the issue.  Further, defendant did not file a cross-motion for leave to appeal on that issue, and the relief defendant seeks pursuant to that issue is a dismissal of the indictment with prejudice, rather than without prejudice. Without cross-appealing, a party may argue points the trial court either rejected or did not address, so long as those arguments are in support of the trial court's order.  See Lippman v. Ethicon, Inc., 432 N.J. Super. 378, 381 n.1 (App. Div. 2013), certif. granted, 217 N.J. 292 (2014); Chimes v. Oritani Motor Hotel, Inc., 195 N.J. Super. 435, 443 (App. Div. 1984).  However, as the Supreme Court of the United States recently explained, where a defendant is seeking to expand the substantive relief granted by the trial court, as opposed to merely arguing an additional legal ground to sustain the trial court's judgment, the defendant must file a cross-

(continued)

Defendant was accused of operating a sexually oriented business, known as Hott 22, within 1000 feet of a residential zone. The prosecutor instructed the grand jury that the State was required to prove that defendant knowingly operated a sexually oriented business but did not have to prove that defendant knew the business was within 1000 feet of a residential zone. Defendant moved to dismiss the indictment. Applying the dictates of N.J.S.A. 2C:2-2(a)[3] and N.J.S.A. 2C:2-2(c)(3)[4], Judge Robert J. Mega concluded that the business's prohibited location was a material element of the offense, and the State must prove that defendant acted knowingly with respect to that element.

Finding nothing in the statutory language or legislative history of N.J.S.A. 2C:34-7(a) that would indicate the

_____

(continued)
appeal. Jennings v. Stephens, ___ U.S. ___, ___, 135 S. Ct. 793, ___, 190 L. Ed. 2d 662, 668 (2015).

[3] "Except as provided in [N.J.S.A. 2C:2-2(c)(3)], a person is not guilty of an offense unless he acted purposely, knowingly, recklessly or negligently, as the law may require, with respect to each material element of the offense." N.J.S.A. 2C:2-2(a).

[4] This section, together with N.J.S.A. 2C:2-2(b)(2), sets "knowingly" as the default standard, where a statute does not define the mens rea requirement for a particular crime. "A statute defining a crime, unless clearly indicating a legislative intent to impose strict liability, should be construed as defining a crime with the culpability defined in paragraph b.(2) of this section." N.J.S.A. 2C:2-2(c)(3). Section (b)(2), in turn, defines "knowingly." N.J.S.A. 2C:2-2(b)(2).

Legislature's intent to create a crime of strict liability, Judge Mega reasoned that the mens rea default standard (knowingly) applied, and thus, the State must prove that defendant knew he was operating a sexually oriented business and knew the business was located within 1000 feet of a residential zone. Judge Mega rejected the State's attempted analogy to the "1000-foot" drug legislation, N.J.S.A. 2C:35-7 and N.J.S.A. 2C:35-7.1, because those statutes specifically provide for strict liability with respect to the location of a school or public facility.[5] The judge further reasoned that, under the rule of lenity, any ambiguity with respect to the mens rea requirement must be resolved in defendant's favor. See State v. McDonald, 211 N.J. 4, 18 (2012); State v. Gelman, 195 N.J. 475, 482 (2008).

The judge considered that, while an indictment is not to be dismissed unless it is manifestly deficient or palpably

---

[5] The school zone drug law provides: "It shall be no defense to a prosecution for a violation of this section that the actor was unaware that the prohibited conduct took place while on or within 1,000 feet of any school property." N.J.S.A. 2C:35-7(d). The public facility law provides: "It shall be no defense to a prosecution for violation of this section that the actor was unaware that the prohibited conduct took place while on or within 500 feet of a public housing facility, a public park, or a public building." N.J.S.A. 2C:35-7.1(b). Similar language is found in the school zone assault-by-auto statute, N.J.S.A. 2C:12-1(c)(3)(c): "It shall be no defense . . . that the defendant was unaware that the prohibited conduct took place while on or within 1,000 feet of any school property or while driving through a school crossing."

defective, State v. Hogan, 144 N.J. 216, 228-29 (1996), dismissal is proper where the instructions presented to the grand jury are "blatantly wrong." State v. Triestman, 416 N.J. Super. 195, 205 (App. Div. 2010); State v. Hogan, 336 N.J. Super. 319, 344 (App. Div.), certif. denied, 167 N.J. 635 (2001). Applying those principles, he concluded that the prosecutor's instruction to the grand jury, which relieved the State of the burden of proving defendant's mens rea as to an essential element of the offense, was blatantly wrong and warranted dismissal of the indictment.

Our review of a trial judge's decision to dismiss an indictment is guided by established legal principles. "[T]he decision whether to dismiss an indictment lies within the discretion of the trial court, and that exercise of discretionary authority ordinarily will not be disturbed on appeal unless it has been clearly abused." Hogan, supra, 144 N.J. at 229 (citing State v. McCrary, 97 N.J. 132, 144 (1984)). However, our review of a trial judge's legal interpretations is de novo. State v. Grate, ___ N.J. ___, ___ (2015) (slip op. at 13); State v. Drury, 190 N.J. 197, 209 (2007). A prosecutor must charge the grand jury "as to the elements of specific offenses." Triestman, supra, 416 N.J. Super. at 205. "[A]n indictment will fail where a prosecutor's instructions to the grand jury were misleading or an incorrect statement of law."

Ibid. (citing State v. Ball, 268 N.J. Super. 72, 119-20, (App. Div. 1993), aff'd, 141 N.J. 142 (1995), cert. denied sub nom., Mocco v. New Jersey, 516 U.S. 1075, 116 S. Ct. 779, 133 L. Ed. 2d 731 (1996)).

Applying those standards, we agree entirely with Judge Mega's reasoning and his legal conclusions.[6] The Legislature clearly knows how to provide for strict liability with respect to prohibited activity in protected areas, such as school or residential zones. Unlike the statutes concerning illegal drug activity or assault by auto in protected zones, the statute concerning sexually oriented businesses, N.J.S.A. 2C:34-7(a), does not include a strict liability provision. See N.J.S.A. 2C:35-7(d); N.J.S.A. 2C:35-7.1(b); N.J.S.A. 2C:12-1(c)(3)(c). We decline to read into the statute language that the Legislature "could have included . . . but did not." Jersey Cent. Power & Light Co. v. Melcar Util. Co., 212 N.J. 576, 596 (2012).

Even if we found the statute hopelessly ambiguous, we would be constrained to invoke the rule of lenity and infer that the

---

[6] Purporting to invoke the law of the case doctrine, the State argues that regardless of the merits of the underlying legal issue, Judge Mega should have followed the contrary legal conclusion reached by a different judge in the separate prosecution of another defendant, Kevin Hickey. That argument is without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

knowingly standard, rather than the strict liability standard, applies.  See N.J.S.A. 2C:2-2(c)(3); N.J.S.A. 2C:2-2(b)(2); State v. Grate, supra, ___ N.J. at ___ (slip op. at 13-14) (stating that the rule of lenity applies when interpreting a penal statute, if its meaning cannot clearly be discerned from its plain language and extrinsic sources).  Further, because the location of a sexually oriented business is a material element of the offense under N.J.S.A. 2C:34-7(a), and the mens rea requirement applies "to each material element," N.J.S.A. 2C:2-2(a), the State was required to prove that defendant knew the business was within 1000 feet of a residential zone.

We agree with Judge Mega that the State's instruction to the jury was "blatantly wrong" and, in effect, relieved the State from having to establish defendant's mens rea as to a material element of the offense.  See Triestman, supra, 416 N.J. Super. at 205.  Under those circumstances, the indictment could not stand and was properly dismissed without prejudice.  Nothing in this opinion precludes the State from re-presenting the case to the grand jury, with correct legal instructions.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION