**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1709-17T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

YUSEF STEELE, a/k/a YUSIF
STEELE,

     Defendant-Appellant.

_____

     Submitted January 24, 2019 – Decided April 18, 2019

     Before Judges Fuentes and Moynihan.

     On appeal from Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 09-02-0326.

     Joseph E. Krakora, Public Defender, attorney for appellant (Amira Rahman Scurato, Designated Counsel; William P. Welaj, on the brief).

     Andrew C. Carey, Middlesex County Prosecutor, attorney for respondent (Brian Dennis Gillet, Deputy First Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Yusef Steele appeals from an order denying his application for post-conviction relief (PCR) without an evidentiary hearing.[1] A jury found defendant guilty of the sole count in the indictment handed down against him: fourth-degree contempt, N.J.S.A. 2C:29-9(a), for disobeying a Drug Offender Restraining Order (DORO) issued pursuant to N.J.S.A. 2C:35-5.7. He advances a single argument:

> THE POST-CONVICTION RELIEF COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT HE FAILED TO RECEIVE ADEQUATE LEGAL REPRESENTATION FROM TRIAL COUNSEL.

Specifically, in his merits brief, defendant contends his trial counsel was ineffective because he: "failed to adequately communicate with the defendant, failed to investigate potential defenses to the charge against him, and failed to

---

[1] Defendant appealed the trial court's initial denial of this PCR. Because the trial court denied the petition without affording defendant's counsel oral argument, and failed to provide a statement of reasons why oral argument was unnecessary, we reversed and remanded. State v. Steele, A-2599-14 (App. Div. Oct. 27, 2016) (slip. op. at 6-7); see State v. Parker, 212 N.J. 269, 282-83 (2012) (remanding a PCR case after PCR judge neither granted oral argument nor provided a statement of reasons for appellate review). Defendant's petition was subsequently denied after oral argument.

A-1709-17T1

make a motion to dismiss the indictment prior to trial." We are unpersuaded and affirm.

To establish a PCR claim of ineffective assistance of counsel, a defendant must satisfy the test formulated in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987), first by "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment," Strickland, 466 U.S. at 687, and then by proving he suffered prejudice due to counsel's deficient performance, id. at 691-92. Defendant must show by a "reasonable probability" that the deficient performance affected the outcome. Fritz, 105 N.J. at 58. Because the trial court did not conduct an evidentiary hearing, our review of the PCR court's legal conclusions and factual inferences is de novo. State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016).

We agree with the PCR court that defendant's contentions that counsel failed to communicate and investigate are bald assertions, unsupported by any evidence. Defendant did not assert, through affidavits or certifications based upon personal knowledge, what counsel failed to communicate to him or what a more adequate investigation would have revealed. See State v. Porter, 216 N.J. 343, 355 (2013); State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).

A-1709-17T1

Defendant's mere "bald assertions" do not support a claim of counsel's ineffective assistance. Cummings, 321 N.J. Super. at 170.

Further, defendant failed to meet the second Strickland-Fritz prong by establishing prejudice engendered by counsel's alleged errors. Defendant did not demonstrate how counsel's failure to discuss the case and failure to investigate impacted the trial.

And defendant's general allegations of counsel's failures do not establish a prima facie case of counsel's ineffectiveness. In light of defendant's failure to present a prima facie case, an evidentiary hearing was not warranted. R. 3:22-10(b); State v. Preciose, 129 N.J. 451, 462 (1992).

Defendant bases his contention that his trial counsel should have filed a motion to dismiss on the assistant prosecutor's failure to instruct the grand jury regarding the crime of contempt.[2] In presenting the case against defendant, the assistant prosecutor told the grand jurors that they were considering one count: "violating a drug restraining order, [a] third[-]degree [offense]." He then elicited testimony from the arresting officer that, while on patrol, the officer saw defendant, who he knew "by name and face," in an area from which defendant

---

[2] Defense counsel filed a post-verdict motion based on the assistant prosecutor's failure to instruct the jury.

A-1709-17T1

was prohibited by a DORO. The officer verified the DORO was still in effect and arrested defendant for violating the order.

After the officer testified, the assistant prosecutor asked the grand jurors if they wanted him to see exhibits one and two which the officer had identified as the DORO; none of the jurors accepted the assistant prosecutor's offer. The assistant prosecutor then addressed the grand jurors: "Do you wish me to go over that [s]tatute with you? I know you've had it before. No one wishes? Okay. No hands are raised and nods are going no so with that then madam foreman [sic] I will turn it over to you for that one count."

Defendant contends that had his trial counsel made a timely motion to dismiss the indictment – prior to trial per Rule 3:10-2(c) – it would have been granted because the jury instruction error resulted in the grand jury returning "an indictment for an offense involving a different degree than that sought by the assistant prosecutor."[3] Once dismissed, defendant avers,

> it is conceivable the State might have decided not to pursue the matter in light of the nature of the charge involving a fourth[-]degree offense, or a mutually acceptable plea agreement might have been reached between the respective parties which would have

---

[3] We note the jury's verdict rendered moot any argument that the grand jury was not properly instructed. State v. Laws, 262 N.J. Super. 551, 563 (App. Div. 1993).

A-1709-17T1

> avoided the need for a trial and resulted in a more favorable outcome to the defendant.

We are not persuaded by defendant's argument. First, we note that the statute which the assistant prosecutor referenced when he told the grand jurors, "I know you've had it before," was the one he referenced at the beginning of the presentment, after he stated the count the jurors were considering was a violation of a drug restraining order. He told the jurors: "I note you've been given that [s]tatute before, the restraining order [s]tatute, the drug restraining order [s]tatute. Everyone is nodding their head yes. Okay. If you have any questions[,] I'll review it again for you at the conclusion of the proceedings."

The instruction pertained to the violation of a DORO. A DORO contempt is a fourth-degree crime; no statute provides for a third-degree DORO contempt. See N.J.S.A. 2C:29-9. It is therefore clear that, despite the assistant prosecutor's misstatement as to the degree of the crime, the grand jurors previously received the correct instruction on the elements of the crime, which they declined to hear again.

We also note that the model jury charge for all violations of N.J.S.A. 2C:29-9 sets forth the same elements: "A person is guilty of a crime . . . if he purposely or knowingly disobeys a judicial order or hinders, obstructs or impedes the effectuation of a judicial order or the exercise of jurisdiction over

6

any person, thing or controversy by a Court, administrative body or investigative entity." Model Jury Charges (Criminal), "Contempt (N.J.S.A. 2C:29-9)" (approved Oct. 17, 1988). The degree of the crime is based on the type of restraining order violated. See N.J.S.A. 2C:29-9. Thus, even if the grand jurors had previously considered a third-degree contempt, they would have received the same instruction setting forth the elements common to all contempt crimes.

Although "[a] prosecutor must charge the grand jury 'as to the elements of specific offenses,'" State v. Eldakroury, 439 N.J. Super. 304, 309 (App. Div. 2015) (quoting State v. Triestman, 416 N.J. Super. 195, 205 (App. Div. 2010)), "a prosecutor's decision on how to instruct a grand jury will constitute grounds for challenging an indictment only in exceptional cases," Triestman, 416 N.J. Super. at 202. "Incomplete or imprecise grand-jury instructions do not necessarily warrant dismissal of an indictment; rather, the instructions must be 'blatantly wrong.'" Id. at 205 (quoting State v. Hogan, 336 N.J. Super. 319, 344 (App. Div. 2001)).

We perceive no error in the grand jury instructions. The indictment returned by the grand jury cites N.J.S.A. 2C:29-9 and expressly states defendant "did purposely or knowingly disobey a judicial order, to wit: a Drug Offender Restraining Order" prohibiting defendant from being in the specified area.

7

Defendant does not dispute that the evidence was sufficient to warrant the indictment. As such, even if defendant's counsel had filed a timely motion to dismiss, it would not have been granted. As we recognized in Laws: "Because an indictment should only be quashed on the 'clearest and plainest grounds,' the conduct of a prosecutor should not warrant dismissal unless it clearly invades the grand jury's decision-making function." 262 N.J. Super. at 562 (citation omitted) (quoting State v. Dixon, 125 N.J. 223, 237 (1991)); see also State v. Hogan, 336 N.J. Super. 319, 344 (App. Div. 2010) (noting that the standard for dismissal "can be satisfied by showing that the grand jury would have reached a different result but for the prosecutor's error"). Defendant has failed to show that the grand jurors would not have returned the same indictment if fully instructed. Defendant's counsel's failure to file a motion to dismiss, therefore, did not have a probable impact on the outcome of the case. As such, defendant failed to establish a prima facie case of ineffective assistance of counsel; the PCR court correctly concluded an evidentiary hearing was not warranted and denied defendant's PCR petition.

To the extent we have not addressed defendant's other arguments, we determine they are without sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(2).

A-1709-17T1

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-1709-17T1