**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0903-19

SANTANDER BANK, N.A.,

     Plaintiff-Respondent,

v.

NORA V. LOPEZ,

     Defendant,

and

NESTOR LOPEZ,

     Defendant-Appellant.

_____

        Argued April 13, 2021– Decided June 23, 2021

        Before Judges Gilson and Gummer.

        On appeal from the Superior Court of New Jersey, Chancery Division, Hudson County, Docket No. F-022683-18.

        Nestor Lopez, appellant, argued the cause pro se.

Michael E. Eskenzai argued the cause for respondent (Friedman Vartolo LLP, attorneys; Michael E. Eskenzai, on the brief).

PER CURIAM

In this residential mortgage foreclosure case, defendant Nestor Lopez appeals (1) an order granting plaintiff summary judgment, striking defendant's answer, and denying defendant's cross-motion to dismiss the complaint; (2) final judgment; and (3) an order in which, among other things, the trial court reduced the final judgment by $37,457.54 because plaintiff had impermissibly charged late fees.

Defendant argues:

> The Trial Court erred and abused its discretion granting Plaintiff Summary Judgment and denying Defendant's Cross-Motion for Dismissal.
>
> The Trial Court erred and abused its discretion by not awarding Defendant statutory damages pursuant to N.J.S.A. 46:10B-29.

The Chancery court reviewed the undisputed facts and found defendants had defaulted on the note and mortgage, defendants had no viable defenses, and plaintiff was entitled to summary judgment. Thereafter, the court entered final judgment based on the established proofs. We find insufficient merit in

2

defendant's arguments to warrant discussion in a written opinion, R. 2:11-3(e)(1)(E).

In responding to defendant's appeal and not by cross-appeal, plaintiff argues the trial court erred in reducing the final judgment by $37,457.54 and asks us to vacate that aspect of the order. "Without cross-appealing, a party may argue points the trial court either rejected or did not address, so long as those arguments are in support of the trial court's order," State v. Eldakroury, 439 N.J. Super. 304, 307 n.2 (App. Div. 2015), but "a respondent must cross-appeal to obtain relief from a judgment," Reich v. Borough of Fort Lee Zoning Bd. of Adjustment, 414 N.J. Super. 483, 499 n.9 (App. Div. 2010). Because plaintiff did not cross-appeal, we decline to consider plaintiff's challenge to part of the final judgment.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0903-19