WARNER, J.
The Sheriff of Palm Beach County petitions for writ of certiorari seeking to quash the trial court’s order denying his motion for summary judgment on respondent’s complaint for violation of the Florida Whistleblower’s Act[1] through termination of the respondent.[2] The Sheriff alleges that the respondent failed to exhaust her administrative remedies, thus depriving the trial court of jurisdiction in the suit. We conclude that the Sheriff does not have an administrative remedy available in accordance with section 112,3187(8)(b), Florida Statutes (2012), and thus deny the petition.
*817 The respondent, Bridgette Bott, a deputy sheriff employed by the Sheriff, Ric Bradshaw, filed a complaint alleging a single violation of section 112.3187, Florida Statutes, Florida’s Whistleblower’s Act (“the Act”). In her complaint, Bott alleged she was suspended for forty hours without pay in retaliation for her testimony in a criminal prosecution which resulted in the criminal defendant’s continued release, while that case was on appeal. Although the suspension allegedly related to a different matter, Bott contended the suspension was “for wholly pre-textual reasons” and a result of her testimony in the previously-described bond issue in the criminal case. The Sheriff moved for summary judgment, contending that Bott had failed to exhaust available administrative remedies prior to bringing the lawsuit, thereby depriving the trial court of jurisdiction over her complaint. After a hearing, the trial court denied the Sheriffs motion without explanation.
The Sheriff then timely filed the pending petition for writ of certiorari. He argued that the trial court’s denial of summary judgment departed from the essential requirements of law, causing him irreparable harm that could not be remedied on plenary appeal, as the exhaustion of administrative remedies is a precondition to filing suit under the Act.
Although, generally, the denial of summary judgment would not constitute irreparable harm to support certiorari review, in University of Central Florida Board of Trustees v. Turkiewicz, 21 So.3d 141 (Fla. 5th DCA 2009), the Fifth District concluded that the petitioner had stated a basis for certiorari jurisdiction concerning denial of .its motion to dismiss in an action brought against it under the Act. Id. at 144-45. The court found that denial of a pre-trial motion, the effect of which, if granted, would have been to terminate litigation, was properly reviewed via certiora-ri where the statutory pre-suit requirements had not been met:
■The rationale advanced by those courts that have exercised certiorari jurisdiction to review the denial of a motion to dismiss based on the failure of a plaintiff to comply with pre-suit requirements is that “statutes requiring pre-suit notice and screening cannot be meaningfully enforced post-judgment because the purpose of the pre-suit screening is to avoid the filing of the lawsuit in the first instance.” We find the rationale of these cases and others to be applicable to this case and that we have certiorari jurisdiction.
Id. at 145 (citation omitted) (quoting Parkway Bank v. Fort Myers Armature Works, Inc., 658 So.2d 646, 649 (Fla. 2d DCA 1995)).
While Turkiewicz involved the denial of a motion to dismiss, whereas the Sheriff is seeking certiorari review of the denial of a motion for summary judgment; nevertheless, the same rationale applies here, as summary judgment, like a motion to dismiss, seeks to prematurely end litigation short of trial. Additionally, the basis for early review of the denial in this case is found in the pre-suit requirements of subsection (8)(b) and (c) of section 112.3187, which mandate that persons suing under the Act to exhaust administrative remedies before doing so. See People’s Tr. Ins. Co. v. Pesta, 199 So.3d 970, 970-71 (Fla. 4th DCA 2016) (“Certiorari is an available remedy if a party has failed to exhaust an exclusive administrative remedy.”).
A similar rationale has been applied to allow certiorari review in cases involving other statutory pre-suit requirements. See, e.g., FCCI Ins. Co. v. NCM of Collier Cty., Inc., 15 So.3d 5, 7 (Fla. 2d DCA 2009) (holding that denial of summary judgment was the proper subject of a certiorari peti *818 tion where the party challenging the calculation of workers’ compensation insurance premiums was required to initially pursue administrative remedies); Univ. of Miami v. Ruiz ex. rel. Ruiz, 164 So.3d 758, 768 (Fla. 3d DCA 2015), review denied, 192 So.3d 45 (Fla.2015) (granting certiorari review of denial of summary judgment based on statute granting party immunity from lawsuit).
We agree with Turkiewicz that the irreparable harm necessary for certiorari relief is present to enforce a statutory pre-suit requirement that administrative remedies be exhausted. On the merits, however, the trial court here did not depart from the essential requirements of law in denying summary judgment on exhaustion of remedies grounds, as we conclude that the Sheriff is governed by section (8)(b) of the Act, and did not adopt the administrative remedies specified in that section.
The Act contains three alternative provisions requiring employees to exhaust all available administrative remedies prior to filing suit:
(a) Any employee of or applicant for employment with any state agency, as the term “state agency” is defined in s. 216.011, who is discharged, disciplined, or subjected to other adverse personnel action, or denied employment, because he or she engaged in an activity protected by this section may file a complaint, which complaint must be made in accordance with s. 112.31895. Upon receipt of notice from the Florida Commission on Human Relations of termination of the investigation, the complainant may elect to pursue the administrative remedy available under s. 112.31895 or bring a civil action within 180 days after receipt of the notice.
(b) Within 60 days after the action prohibited by this section, any local public employee protected by this section may file a complaint with the appropriate local governmental authority, if that authority has established by ordinance an administrative procedure for handling such complaints or has contracted with the Division of Administrative Hearings under s. 120.65 to conduct hearings under this section. The administrative procedure created by ordinance must provide for the complaint to be heard by a panel of impartial persons appointed by the appropriate local governmental authority. Upon hearing the complaint, the panel must make findings of fact and conclusions of law for a final decision by the local governmental authority. Within 180 days after entry of a final decision by the local governmental authority, the public employee who filed the complaint may bring a civil action in any court of competent jurisdiction. If the local governmental authority has not established an administrative procedure by ordinance or contract, a local public employee may, within 180 days after the action prohibited by this section, bring a civil action in a court of competent jurisdiction. For the purpose of this paragraph, the term “local governmental authority” includes any regional, county, or municipal entity, special district, community college district, or school district or any political subdivision of any of the foregoing.
(c)Any other person protected by this section may, after exhausting all available contractual or administrative remedies, bring a civil action in any court of competent jurisdiction within 180 days after the action prohibited by this section.
§ 112.3187(8), Fla. Stat. (2012). The Sheriff contends that subsection (8)(c) applies here. We disagree and conclude that subsection (8)(b) governs the remedies for a sheriffs employee.
*819 As used in subsection (8)(a), the Act defines an “agency” as “any state, regional, county, local, or municipal government entity, whether executive, judicial, or legislative; any official, officer, department, division, bureau, commission, authority, or political subdivision therein; or any public school, community college, or state university.” § 112.3187(3)(a), Fla. Stat. (emphasis added). The Sheriff is a constitutional officer of Palm Beach County pursuant to the Florida Constitution. See Art. VIII, § 1(d), Fla. Const. Therefore, the Sheriff fits into the definition of an “agency” under the Act. Similarly, the Act defines “employee” as “a person who performs services for, and under the control and direction of, or contracts with, an agency or independent contractor for wages or other remuneration.” § 112.3187(3)(b), Fla. Stat. Thus, Bott falls within the definition of an employee under the Act. The Act protects “employees and persons” who disclose protected information. § 112.3187(7), Fla. Stat.
Subsection (8)(b) does not use the term “agency!,]” but does use the term “local governmental authority!,]” which is defined as “any regional, county, or municipal entity, special district, community college district, or school district or any political subdivision of any of the foregoing.” § 112.3187(8)(b), Fla. Stat. (emphasis added). In Beard v. Hambrick, 396 So.2d 708 (Fla.1981), the court concluded that a sheriff was an official of a political subdivision. As a constitutional officer of a county, Art. VIII, § 1(d), Fla. Const., the Sheriff is thus within the county’s political subdivision. Beard, 396 So.2d at 711 (“In our opinion, there is no reasonable way to construe article VIII, section 1, other than to include sheriffs as well as other named county officers as part of a county and, as such, within the definition of a political subdivision as used in subsection (a) of the section.”). As the Sheriff is considered part of a political subdivision, we conclude that the Sheriff falls within the definition of “local governmental authority” under the Act. Likewise, Bott falls within the definition of “employee” under the Act and thus does not fall within “any other person” language of subsection (8)(c).
We therefore conclude that section 112.3187(8)(b) governs the remedy in this case. That section requires that the employee exhaust an administrative remedy “if that authority has established by ordinance an administrative procedure for handling such complaints or has contracted with the Division of Administrative Hearings under s. 120.65 to conduct hearings under this section.” § 112.3187(8)(b), Fla. Stat. Although the Sheriff cannot pass ordinances, he could contract with the Division of Administrative Hearings (“DOAH”) to satisfy the provisions of the Act. Section 120.65(6), Florida Statutes (2016), provides: “The division is authorized to provide administrative law judges on a contract basis to any governmental entity to conduct any hearing not covered by this section.” § 120.65(6), Fla. Stat. Because the Sheriff did not contract with the DOAH to conduct hearings, it did not comply with the provisions of the Act. Thus, Bott had no statutorily-authorized administrative remedy which she was required to exhaust.
Where no such administrative remedy exists, the Act permits the employee to bring a cause of action under the Act within 180 days of the prohibited act. The Sheriff also argues in his petition that the court should have granted summary judgment on this ground as well. However, he did not raise this as a ground for summary judgment in the trial court, nor do we know whether it was pled as an affirmative defense. Therefore, we do not address it, *820 nor would the denial of summary judgment on that ground necessarily constitute irreparable harm to warrant certiorari relief.
For the foregoing reasons, we deny the petition on the merits.
GROSS and DAMOORGIAN, JJ., concur.

. § 112.3187, Fla. Stat. (2012).

. Petitioner originally filed the petition as one for prohibition. We converted the petition to one for certiorari, but, contrary to the contention of the respondent, the petition dates back to the original filing.