NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

|  |  |  |
|---|---|---|
| THE SCHOOL BOARD OF HILLSBOROUGH COUNTY FLORIDA, | ) ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Case No. 2D18-1463 |
| STEPHANIE WOODFORD, | ) ) | |
| Respondent. | ) ) ) | |

Opinion filed April 26, 2019.

Petition for Writ of Certiorari to the Circuit
Court for Hillsborough County; Paul L.
Huey, Judge.

Robert W. Boos of Adams and Reese
LLP, Tampa, for Petitioner.

Mark Herdman of Herdman & Sakellarides,
P.A., Clearwater, for Respondent.


ATKINSON, Judge.

        The School Board of Hillsborough County, Florida (the School Board),

petitions for a writ of certiorari to review the trial court's order denying its motion to

dismiss Ms. Woodford's complaint alleging whistle-blower retaliation in violation of

section 112.3187, Florida Statutes (2017) (the Whistle-blower's Act). We grant the petition and quash the trial court's order.

Ms. Woodford served as the Chief Officer for Human Resources for the School Board from July 22, 2013, through the termination of her employment on April 27, 2017. In her complaint, Ms. Woodford claimed that the School Board terminated her in retaliation for her complaints of, and her refusal to participate in, various alleged unlawful and unethical practices. Ms. Woodford neither pled that she exhausted all administrative remedies before filing suit nor that no such administrative remedies existed.

The School Board moved to dismiss Ms. Woodford's complaint for lack of subject matter jurisdiction pursuant to Florida Rule of Civil Procedure 1.140(b)(1), claiming that Ms. Woodford failed to exhaust her administrative remedies prior to bringing suit as required by the Whistle-blower's Act. In support of its motion, the School Board attached its 2004 contract with the Division of Administrative Hearings (DOAH) for the "adjudication of administrative disputes" pursuant to section 120.65, Florida Statutes (2017).

Under "Scope of Services," the contract provides that "DOAH agrees to make Administrative Law Judges available to" the School Board. The contract then provides that "the Administrative Law Judges to be provided are experts in the adjudication of administrative disputes and such Administrative Law Judges shall, where possible, be persons familiar with the law involving the issues at hand." Under "Request for Services," the contract provides that "in order to obtain the services of an Administrative Law Judge," the School Board shall initiate a letter to the Chief Judge of

DOAH requesting the services of an Administrative Law Judge along with "a copy of any materials relevant to the request." The contract then provides that DOAH shall provide an Administrative Law Judge within thirty days of its receipt of the letter.

After a hearing, the trial court denied the School Board's motion to dismiss, stating the following:

> For the reasons argued by [Ms. Woodford's] counsel in his papers and at the hearing, and in light of Florida Law, the Motion is denied. Most simply, the School Board has no policy or practice for dealing with whistleblower complaints administratively, as is evidenced by the lack of any proof that Woodford was put on notice at any time to follow such a policy or practice. Because the Court finds that there was no duty on Ms. Woodford to exhaust any administrative remedies, there was no duty for her to plead that she had done so.

The School Board timely filed its petition for writ of certiorari, arguing that the trial court's denial of its motion to dismiss departed from the essential requirements of the law because it incorrectly found that the School Board did not have an administrative remedy that Ms. Woodford was required to exhaust and it inserted a notice requirement into the statute that is not supported by its text. We agree.

A petition for a writ of certiorari must pass a three-pronged test before an appellate court may grant relief from an erroneous interlocutory order. Stephens v. Geoghegan, 702 So. 2d 517, 521 (Fla. 2d DCA 1997); Parkway Bank v. Fort Myers Armature Works, Inc., 658 So. 2d 646, 648 (Fla. 2d DCA 1995). "A petitioner must establish (1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the trial (3) that cannot be corrected on postjudgment appeal." Parkway, 658 So. 2d at 648. This court must first examine the second and third prongs, which are sometimes referred to as "irreparable harm," to

determine whether we have certiorari jurisdiction to hear the petition at all. See Nader v. Fla. Dep't of Highway Safety & Motor Vehicles, 87 So. 3d 712, 721 (Fla. 2012); State Farm Fla. Ins. Co. v. Buitrago, 100 So. 3d 85, 88 (Fla. 2d DCA 2012). If the jurisdictional prongs are met, then this court must determine whether the trial court's nonfinal order departs from the essential requirements of the law. Buitrago, 100 So. 3d at 88.

In general, certiorari is not the appropriate vehicle to review the denial of a motion to dismiss. Fassy v. Crowley, 884 So. 2d 359, 362 (Fla. 2d DCA 2004) (citing Martin-Johnson, Inc. v. Savage, 509 So. 2d 1097, 1099 (Fla. 1987)). However, courts have exercised certiorari jurisdiction to review the denial of a pretrial motion alleging failure to exhaust administrative remedies in actions brought pursuant to the Whistle-blower's Act. See, e.g., Bradshaw v. Bott, 205 So. 3d 815, 817–18 (Fla. 4th DCA 2016) (accepting certiorari jurisdiction to review order denying motion for summary judgment for failure to exhaust pre-suit requirements of the Whistle-blower's Act); Univ. of Cent. Fla. Bd. of Trs. v. Turkiewicz, 21 So. 3d 141, 145 (Fla. 5th DCA 2009) (accepting certiorari jurisdiction to review order denying motion to dismiss for failure to exhaust administrative remedies before filing suit under the Whistle-blower's Act). Where, as in this case, a pretrial motion would have terminated litigation if granted, its denial can be "properly reviewed via certiorari where the statutory presuit requirements ha[ve] not been met[.]" Bradshaw, 205 So. 3d at 817; see, e.g., Parkway, 658 So. 2d at 649 ("[Pre-suit requirements] cannot be meaningfully enforced postjudgment because the purpose . . . is to avoid the filing of the lawsuit in the first instance."). Because the School Board seeks review of the denial of its motion to dismiss based on Ms.

- 4 -

Woodford's failure to exhaust her administrative remedies under the Whistle-blower's Act, we have jurisdiction in this case.

Having found a basis for certiorari jurisdiction, we must determine whether the trial court departed from the essential requirements of the law. See Stephens, 702 So. 2d at 521. A departure from the essential requirements of the law "is something more than a simple legal error." See Fassy, 884 So. 2d at 363–64. "There must be a violation of a clearly established principle of law resulting in a miscarriage of justice." Id. (citing Combs v. State, 436 So. 2d 93, 95–96 (Fla. 1983)).

Section 112.3187(8) identifies three classes of persons who may file a whistle-blower complaint. See § 112.3187(8)(a)–(c). Because Ms. Woodford was the Chief Officer of Human Resources for the School Board, she falls within section 112.3187(8)(b), which applies to local public employees. That section provides the following:

> Within 60 days after the action prohibited by this section, any local public employee protected by this section may file a complaint with the appropriate local governmental authority, if that authority has established by ordinance an administrative procedure for handling such complaints or has contracted with the Division of Administrative Hearings under s. 120.65 to conduct hearings under this section. The administrative procedure created by ordinance must provide for the complaint to be heard by a panel of impartial persons appointed by the appropriate local governmental authority. Upon hearing the complaint, the panel must make findings of fact and conclusions of law for a final decision by the local governmental authority. Within 180 days after entry of a final decision by the local governmental authority, the public employee who filed the complaint may bring a civil action in any court of competent jurisdiction. If the local governmental authority has not established an administrative procedure by ordinance or contract, a local public employee may, within 180 days after the action prohibited by this section, bring a civil action in a court of competent jurisdiction. For the

purpose of this paragraph, the term "local governmental authority" includes any regional, county, or municipal entity, special district, community college district, or school district or any political subdivision of any of the foregoing.

§ 112.3187(8)(b) (emphasis added). The statute affords a local governmental authority the option to handle a whistle-blower claim itself before it is hailed into court, provided that the local governmental authority has established one of two alternative administrative remedies that an employee must exhaust: one by ordinance and the other by contract with DOAH. The School Board chose to contract with DOAH.

Here, the trial court's order allowing Ms. Woodford to pursue her whistle-blower complaint without exhausting her administrative remedies constitutes a departure from the essential requirements of the law because the trial court misinterpreted the exhaustion requirement set forth in the Act by improperly inserting into the statute two requirements that are not supported by its text: (1) that the DOAH contract explicitly reference the Whistle-blower's Act, and (2) that the local governmental authority provide notice to a prospective whistle-blower claimant.[1]

Ms. Woodford argues that because the Whistle-blower's Act requires a contract with DOAH to be for the specific purpose of "conducting hearings under this section," the School Board's contract with DOAH, which does not expressly refer to the Whistle-blower's Act, is insufficient. The School Board argues that the language of the Act does not require the contract to include this level of specificity.

---

[1]In its order, the trial court does not actually mention the School Board's contract with DOAH. However, the trial court based its decision on "the reasons argued by [Ms. Woodford's] counsel in his papers and at the hearing." We address the two of those arguments that merit discussion.

- 6 -

The School Board contends that neither alternative remedy under the statute has to expressly reference the Act. Courts have affirmed the sufficiency of general ordinance procedures that made no express reference to the Whistle-blower's Act or complaints under it. See, e.g., Dinehart v. Town of Palm Beach, 728 So. 2d 360, 361 (Fla. 4th DCA 1999); City of Miami v. Del Rio, 723 So. 2d 299, 300 n.2, 301 n.3 (Fla. 3d DCA 1998). Because general ordinances are sufficient to establish the statutory administrative remedy, the School Board argues that a general contract with DOAH should be as well. The School Board contends that because it contracted with DOAH to adjudicate administrative disputes, its contract with DOAH is broad enough to cover whistle-blower complaints. We agree.

A contract that enables the School Board to have DOAH conduct hearings to resolve whistle-blower complaints is a contract to conduct hearings "under this section." The contract is sufficient as long as hearings under section 112.3187(8)(b) are among the administrative matters that DOAH would be contractually required to adjudicate at the request of a local governmental authority. Describing DOAH's contractual obligation with general language broad enough to encompass other administrative matters does not render it insufficient. Indeed, if the School Board's contract with DOAH had to expressly list each claim that DOAH must hear, then the contract would be rendered meaningless because it does not list any specific claims that must be heard. Rather, the contract provides for the services of Administrative Law Judges "in certain proceedings in which the substantial interests of a party are determined by the [School Board]." This language is no less susceptible of applying to whistle-blower complaints than to any other administrative dispute. As such, the School

Board's contract with DOAH provides an administrative remedy that must be exhausted under section 112.3187(8)(b).

The trial court's stated rationale for denying the School Board's motion to dismiss was based on lack of notice: "[T]he School Board has no policy or practice for dealing with whistleblower complaints administratively, as is evidenced by the lack of any proof that Woodford was put on notice at any time to follow such a policy or practice." However, the Act does not require that a local governmental authority affirmatively place employees on notice that they must exhaust the local governmental authority's administrative remedy. The Act itself puts an employee on notice.

The cause of action brought by Ms. Woodford is a creature of statute, which itself instructs a potential claimant on the condition precedent of exhaustion of the local governmental authority's administrative remedy. The legislature could have included a requirement that the local governmental authority provide notice, but it did not do so in the Whistle-blower's Act. Cf., e.g., § 448.109(3)(a), Fla. Stat. (2018) (requiring employers to post notice of employees' rights to Florida minimum wage in a conspicuous and accessible place); § 440.185(10), Fla. Stat. (2018) (stating that, "upon receiving notice of an injury from an employee," employers or carriers must "provide the employee with a written notice . . . of the availability of services from the Employee Assistance and Ombudsman Office"); 42 U.S.C. § 2000e-10 (containing express notice posting requirements providing specific information to employees of their rights under Title VII).

Because there is no notice requirement in the Act, the School Board was not required to give notice to its employees that it had a contract with DOAH to provide

an administrative remedy for whistle-blower complaints. This court cannot write a notice requirement into the statute. See Fla. Dep't of Revenue v. Fla. Mun. Power Agency, 789 So. 2d 320, 324 (Fla. 2001) ("Under fundamental principles of separation of powers, courts cannot judicially alter the wording of statutes where the Legislature clearly has not done so."). The trial court departed from the essential requirements of the law when it inserted one.

The trial court's order denying the School Board's motion to dismiss departs from the essential requirements of the law because it incorrectly found that the School Board did not have an administrative remedy that Ms. Woodford was required to exhaust before filing her civil action in court. See Progressive Express Ins. Co. v. Reaume, 937 So. 2d 1120, 1123 (Fla. 2d DCA 2006) ("[A] circuit court departs from the essential requirements of law where it permits parties to litigate in that court where there is a contractual or legal obligation to proceed only administratively." (citing Univ. of Miami v. Klein, 603 So. 2d 651, 652 (Fla. 3d DCA 1992))); Metropolitan Dade County v. Recchi Am., Inc., 734 So. 2d 1123, 1125 (Fla. 3d DCA 1999). Because Ms. Woodford had a legal obligation to exhaust her administrative remedies and failed to do so, the trial court departed from the essential requirements of the law in denying the School Board's motion to dismiss. See FCCI Ins. Co. v. NCM of Collier Cty., Inc., 15 So. 3d 5, 7–8 (Fla. 2d DCA 2009). Accordingly, we grant the petition for writ of certiorari and quash the trial court's order.

Petition granted; order quashed.


LUCAS, J., Concurs.
KHOUZAM, J., Dissents with opinion.

- 9 -

KHOUZAM, Judge, Dissenting.

Because the School Board failed to establish that there was a departure from the essential requirements of the law, I respectfully dissent.

"A departure from the essential requirements of the law means 'a violation of a clearly established principle of law resulting in a miscarriage of justice.' " Gator Boring & Trenching, Inc. v. Westra Const. Corp., 210 So. 3d 175, 184 (Fla. 2d DCA 2016) (quoting Allstate Ins. Co. v. Kaklamanos, 843 So. 2d 885, 889 (Fla. 2003)). Thus, a "departure from the essential requirements of law necessary for the issuance of a writ of certiorari is something more than a simple legal error." Futch v. Fla. Dep't of Highway Safety & Motor Vehicles, 189 So. 3d 131, 132 (Fla. 2016) (quoting Kaklamanos, 843 So. 2d at 889). Mere disagreement with a lower court's interpretation of the law "is an improper basis for common law certiorari." Ivey v. Allstate Ins. Co., 774 So. 2d 679, 683 (Fla. 2000).

In the instant case, section 112.3187(8)(b), Florida Statutes (2017), provides in pertinent part:

> [A]ny local public employee protected by this section may file a complaint with the appropriate local governmental authority, if that authority has established by ordinance an administrative procedure for handling such complaints or has contracted with the Division of Administrative Hearings under s. 120.65 to conduct hearings under this section. . . . Within 180 days after entry of a final decision by the local governmental authority, the public employee who filed the complaint may bring a civil action in any court of competent jurisdiction. If the local governmental authority has not established an administrative procedure by ordinance or contract, a local public employee may . . . bring a civil action in a court of competent jurisdiction.

(Emphasis added.) The School Board admitted that it has no administrative policy or practice for dealing with whistle-blower complaints. The majority agrees with the School Board that its general contract with DOAH constitutes such a policy or practice. But that is not the only fair interpretation of the statute. To the contrary, the language "to conduct hearings under this section" suggests that the contract with DOAH must expressly refer to the Whistle-blower Act. Since neither interpretation constitutes a clearly established principle of law, there can be no resulting miscarriage of justice and thus no grounds for granting the School Board's petition.

I also disagree with the majority's conclusion that the trial court erroneously inserted a notice requirement into the statute. The Order Denying Motion to Dismiss states: "[T]he School Board has no policy or practice for dealing with whistleblower complaints administratively, as is evidenced by the lack of any proof that Woodford was put on notice at any time to follow such a policy or practice." In my view, this statement did not imply that notice was required. Rather, it was simply an observation that, had there been an ordinance or contract dealing with Whistle-blower complaints, Ms. Woodford would have been required to follow it prior to filing suit. The School Board presented nothing to the trial judge indicating a procedure or policy with which Ms. Woodford was required to comply.

In light of these considerations, I would deny the School Board's petition for writ of certiorari.

- 11 -