DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SOUTH BROWARD HOSPITAL DISTRICT** d/b/a
**MEMORIAL HEALTHCARE SYSTEM, DOUGLAS A. HARRISON,** and
**LAURA RAYBIN-MILLER,**
Petitioners,

v.

**KIMARIE STRATOS,**
Respondent.

No. 4D2023-0443

[November 8, 2023]

Petition for writ of certiorari to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carlos A. Rodriguez, Judge; L.T. Case No. 19-005895 CACE (14).

Michael R. Piper and Christopher J. Stearns of Johnson, Anselmo, Murdoch, Burke, Piper & Hochman, PA, Fort Lauderdale, for petitioner South Broward Hospital District.

Chris Kleppin and Chelsea Lewis of The Kleppin Firm, P.A., Plantation, for respondent.

PER CURIAM.

The South Broward Hospital District d/b/a Memorial Healthcare System ("the District") petitions for certiorari review of the denial of its motion for summary judgment on plaintiff Kimarie Stratos' claim under the Florida Whistleblower's Act. § 112.3187, Fla. Stat. (2018).

As in *School Board of Hillsborough County v. Woodford*, 270 So. 3d 481 (Fla. 2d DCA 2019), we grant the petition because no genuine disputed issue of fact exists that Stratos failed to exhaust an administrative remedy before filing suit as required by section 112.3187(8)(b), Florida Statutes (2018). The District had a contract with the Division of Administrative Hearings (DOAH) to handle Whistleblower Act complaints under section 112.3187(8)(b), and Stratos never exhausted that remedy before filing suit. Pursuant to the statute, Stratos cannot bring a civil action under the

Whistleblower Act, and the District is entitled to summary judgment on this claim.

### *Background*

Stratos formerly served as the District's Executive Vice President, General Counsel, and Chief Privacy Officer. In her Whistleblower's Act claim, Stratos alleges that the District's Board of Commissioners retaliated against her for reporting alleged Sunshine Law violations and other improper conduct by two commissioners.[1] Stratos contends that the Board violated the Whistleblower's Act by holding meetings to review her performance and voting (4 to 2) at a September 20, 2018 public meeting to terminate her employment.

The District moved for summary judgment arguing that Stratos failed to exhaust an administrative remedy before filing suit, as required by section 112.3187(8)(b). The District explained that it has contracted with DOAH to conduct hearings under this section and provided a copy of its contract. The District argued that, as in *Woodford*, 270 So. 3d 481, Stratos' failure to exhaust this administrative remedy precluded her from bringing a civil action.

The trial court denied the motion, and this petition timely followed.[2]

### *Discussion*

We have certiorari jurisdiction to review whether the presuit requirements of section 112.3187(8)(b) have been met. *Bradshaw v. Bott*, 205 So. 3d 815, 817-18 (Fla. 4th DCA 2016).

Section 112.3187(8)(b) provides:

> Within 60 days after the action prohibited by this section, any local public employee protected by this section may file a

---

[1] In case numbers 4D2023-0441 and 4D2023-0444, which are consolidated for panel purposes with this case, two commissioners have sought review of the portions of the order denying their motions for summary judgment on tort claims that Stratos has brought against them individually.

[2] In case number 4D2020-2642, the District sought certiorari review from the denial of its motion to dismiss raising this argument. We denied the petition because the face of the complaint sufficiently alleged compliance. Denial was without prejudice for the District to raise the issue in subsequent proceedings, such as the summary judgment motion now at issue.

complaint with the appropriate local governmental authority, if that authority has established by ordinance an administrative procedure for handling such complaints *or has contracted with the Division of Administrative Hearings under s. 120.65 to conduct hearings under this section.*

§ 112.3187(8)(b), Fla. Stat. (2018) (emphasis added).

There is no dispute that the District had contracted with DOAH for hearings under this section.[3]

Section 112.3187(8)(b) then provides:

The administrative procedure created by ordinance must provide for the complaint to be heard by a panel of impartial persons appointed by the appropriate local governmental authority. Upon hearing the complaint, the panel must make findings of fact and conclusions of law for a final decision by the local governmental authority. *Within 180 days after entry of a final decision by the local governmental authority, the public employee who filed the complaint may bring a civil action in any court of competent jurisdiction.*

§ 112.3187(8)(b), Fla. Stat. (2018) (emphasis added).

Courts, including our court, have read this provision as creating a mandatory, presuit administrative exhaustion requirement. *Bott*, 205 So. 3d at 817; *Woodford*, 270 So. 3d at 484-85; *Robinson v. Dep't of Health*, 89 So. 3d 1079, 1081 (Fla. 1st DCA 2012); *Williams v. City of Miami*, 87 So. 3d 91, 92 (Fla. 3d DCA 2012).

The Second District's *Woodford* decision is squarely on point. There, a school board employee brought a Whistleblower's Act claim against the school board, alleging that the board fired the employee in retaliation for complaints about unlawful and unethical practices. The school board moved to dismiss under section 112.3187(8)(b) for failure to exhaust administrative remedies. The school board attached a copy of its contract with DOAH. The trial court denied the motion to dismiss, reasoning that

---

[3] The District's DOAH contract begins with a clause that provides: "WHEREAS, Section 112.3187(8)(b), Florida Statutes, authorizes local governmental authorities such as the DISTRICT to contract with DOAH to conduct hearing on complaints filed pursuant to Section 112.3187, Florida Statutes, by local public employees."

3

the exhaustion requirement did not apply because the school board had not implemented a procedure/practice for handling Whistleblower's Act complaints administratively, and the school board had not provided the employee any notice of such a procedure.

The Second District granted certiorari and quashed the order. The Second District concluded that the school board's contract with DOAH was sufficient to require exhaustion and that the DOAH contract did not have to specifically reference section 112.3187. 270 So. 3d at 485. The Second District reasoned: "[T]he Act does not require that a local governmental authority affirmatively place employees on notice that they must exhaust the local governmental authority's administrative remedy. The Act itself puts an employee on notice." *Id.* at 486. The Second District added:

> The cause of action brought by [the employee] is a creature of statute, which itself instructs a potential claimant on the condition precedent of exhaustion of the local governmental authority's administrative remedy. The legislature could have included a requirement that the local governmental authority provide notice, but it did not do so in the Whistle-blower's Act. . . . Because there is no notice requirement in the Act, the School Board was not required to give notice to its employees that it had a contract with DOAH to provide an administrative remedy for whistle-blower complaints. This court cannot write a notice requirement into the statute.

*Id.*

As in *Woodford*, in this case, Stratos presented no evidence that she exhausted the administrative remedy created by the District's DOAH contract. Thus, the trial court departed from the essential requirements of law in denying the motion for summary judgment and failing to enforce the exhaustion requirement.[4]

---

[4] We find no merit in Stratos' argument that the District waived the exhaustion requirement because it failed to give her notice of the remedy and because certain personnel allegedly advised her to file suit. As held in *Woodford*, the statute does not contain a notice requirement, and the courts cannot write one into the statute. 270 So. 3d at 486. Additionally, Stratos presented no evidence that she inquired into whether the District had a DOAH contract or that she tried to exhaust the administrative remedy within the statute's time limit.

Accordingly, we grant the petition for writ of certiorari, and quash the trial court's order denying summary judgment. The trial court shall enter a final summary judgment in the District's favor.

*Petition granted.*

CIKLIN, CONNER and ARTAU, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***