DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SCHOOL BOARD OF PALM BEACH COUNTY,**
Petitioner,

v.

**ANA GROOVER,**
Respondent.

No. 4D2023-2913

[February 28, 2024]

Petition for writ of certiorari to the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Maxine D. Cheesman, Judge; L.T. Case No. 502021CA012516.

Sean Fahey of The School Board of Palm Beach County, West Palm Beach, for petitioner.

Isidro M. Garcia of Garcia Law Firm, P.A., West Palm Beach, for respondent.

PER CURIAM.

The School Board of Palm Beach County petitions for certiorari review from the denial of its motion for summary judgment contending that the respondent/plaintiff failed to exhaust administrative remedies before bringing her action under the Whistle-blower's Act. § 112.3187(8)(b), Fla. Stat. (2021). We grant the petition and direct the trial court to enter summary judgment in the School Board's favor.

We have jurisdiction, and this case is controlled by *School Board of Hillsborough County v. Woodford*, 270 So. 3d 481, 485 (Fla. 2d DCA 2019), which this Court recently followed in *South Broward Hospital District v. Stratos*, No. 4D2023-0443, 2023WL7367935, (Fla. 4th DCA Nov. 8, 2023).

The statute at issue provides:

(b)  Within 60 days after the action prohibited by this section, any local public employee protected by this section may file a complaint with the appropriate local governmental authority,

**if that authority has established by ordinance an administrative procedure for handling such complaints or has contracted with the Division of Administrative Hearings under s. 120.65 to conduct hearings under this section**. The administrative procedure created by ordinance must provide for the complaint to be heard by a panel of impartial persons appointed by the appropriate local governmental authority. Upon hearing the complaint, the panel must make findings of fact and conclusions of law for a final decision by the local governmental authority. Within 180 days after entry of a final decision by the local governmental authority, the public employee who filed the complaint may bring a civil action in any court of competent jurisdiction. If the local governmental authority has not established an administrative procedure by ordinance or contract, a local public employee may, within 180 days after the action prohibited by this section, bring a civil action in a court of competent jurisdiction. For the purpose of this paragraph, the term "local governmental authority" includes any regional, county, or municipal entity, special district, community college district, or school district or any political subdivision of any of the foregoing.

§ 112.3187(8)(b), Fla. Stat. (2021) (emphasis added).

This provision creates a mandatory, presuit administrative exhaustion requirement. *Woodford*, 270 So. 3d at 484-85; *Bradshaw v. Bott*, 205 So. 3d 815, 817 (Fla. 4th DCA 2016) (recognizing that certiorari is available to enforce this presuit requirement).

The undisputed evidence shows that the School Board had a contract with the Division of Administrative Hearings (DOAH) that is materially identical to the contract in *Woodford* and that plaintiff never exhausted this remedy before filing suit. This case is therefore on all fours with *Woodford* and *Stratos*. The School Board was not required to advise plaintiff about the possibility of a DOAH remedy. *Woodford*, 270 So. 3d at 486*; Stratos*, 2023WL7367935, at *3 n. 4.

Additionally, the trial court departed from the essential requirements of law in ruling that the School Board had adopted an alternative administrative procedure through its Whistleblower Protection Policy and that plaintiff exhausted her remedies by filing a grievance.

The grievance that plaintiff filed was not brought pursuant to the Policy

and made no reference to the Whistle-blower's Act.  The policy required an employee alleging a violation of the Whistle-blower's Act to lodge a complaint with the Inspector General.  Plaintiff never did so.

Pursuant to the Policy, the Inspector General would then investigate and present its findings to the Superintendent, who would make a decision.  The Policy allows an employee aggrieved by the Superintendent's decision to file an action under Chapter 120, Florida Statutes (the Administrative Procedure Act).[1]

None of this occurred, and plaintiff never requested an administrative hearing or inquired whether the School Board had a contract with DOAH.

Thus, even if the trial court were correct that the policy set out an alternative administrative procedure as permitted by section 112.3187(8)(b), plaintiff never followed or exhausted that procedure.  Her filing of the generalized grievance cannot satisfy the exhaustion requirement of the statute.

Accordingly, the petition is granted.  The trial court's order denying summary judgment is quashed, and the court is directed to enter summary judgment in the School Board's favor.

*Petition granted.*

MAY, CONNER and KUNTZ, JJ., concur.

*          *          *

***Not final until disposition of timely filed motion for rehearing.***

---

[1] Notice of the DOAH remedy is not required under *Woodford,* but we note that in this case the Whistleblower Protection Policy provides notice by referencing the APA.